No. 12400

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

LESTER J. HELLER and VIRGINIA
ANN HELLER, his wife,

                    Plaintiffs and Respondents,

        -vs-

ARTHUR S. OSBURNSEN and LUCILLE F.
OSBURNSEN, his wife,

                    Defendants and Appellants.

---

Appeal from:  District Court of the Tenth Judicial District,
              Honorable LeRoy J. McKinnon, Judge presiding.

Counsel of Record:

    For Appellants:

            Robert L. Johnson and William Berger, Lewistown, Montana.
            Robert L. Johnson argued, Lewistown, Montana.
            K. Robert Foster argued, Lewistown, Montana.

    For Respondents:

            Dockery and Parrish, Lewistown, Montana.
            Raymond E. Dockery argued, Lewistown, Montana.

---

                              Submitted:  March 29, 1973

                              Decided: MAY - 7 1973

Filed: MAY - 7 1973

_Thomas J. Kearney_
                              Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

Arthur S. and Lucille F. Osburnsen, husband and wife, are defendants and appellants in this action, and will be referred to herein as Osburnsen. Lester J. and Virginia Ann Heller, husband and wife, are plaintiffs and respondents and will be referred to as Heller. Heller brought the action in the district court of the tenth judicial district, county of Fergus, for a declaratory judgment in reference to a ranch sale transaction between Heller and Osburnsen. The case was heard without a jury and judgment entered on findings of fact and conclusions of law. From that judgment Osburnsen appeals.

For a period of time prior to October 1967, Heller had been trying to sell his ranch properties. He had appointed one Tom Girvin of Girvin Realtors as his agent to sell the property. One buyer had been found previous to this time, but had been unable to obtain necessary financial backing. On October 5, 1967, Girvin did negotiate a sale to Osburnsen and a receipt and agreement to sell and purchase was executed on that date. The foregoing facts are agreed to by the parties; however the remaining facts are disputed.

The facts as found by the district judge are: In order to raise the necessary down payment on the Heller property without disturbing other investments, it became necessary for Osburnsen to borrow approximately $35,000. Heller's agent, Tom Girvin, was also an agent for the John Hancock Mutual Life Insurance Company; it was agreed the loan for the down payment would be made through that company.

At the time of the sale, Heller owed approximately $30,000 plus on the property to the Kansas City Life Insurance Company and approximately $4,000 plus for closing costs to Realty Abstract Company. John Hancock Company did not want a second mortgage on the property and therefore required that any loan it made be large

- 2 -

enough to pay off the prior indebtedness, in order for it to have a first mortgage. Both Heller and Osburnsen signed loan applications made to the John Hancock Company and a loan of $70,000 was made to the parties.

Of the $70,000 borrowed, $35,000 was to pay off the Kansas City Company mortgage and money owed to Realty Abstract Company. The remaining $35,000 was the down payment on the Heller property. On November 24, 1967, the parties entered into a formal and detailed contract for deed which set out the details of the transaction more completely than did the receipt and agreement to sell and purchase, but in no way conflicted with it. At the time of the execution of the contract for deed, the only mortgage or encumbrance on the property was the Kansas City Life Insurance Company and Realty Abstract Company.

In February 1968 the parties signed the loan instruments in favor of John Hancock Company; the $70,000 was used to retire the encumbrances and make the down payment to Heller. Copies of the contract and supporting documents, including the John Hancock Company note, were subsequently placed in escrow with the bank. Just under a year later Osburnsen made the first annual payment with interest, which in turn was paid over by the escrow agent partly to John Hancock Company and partly to Heller. The escrow agent was following the terms of the contract, since it stated that any mortgage on the land would be paid for out of proceeds of the sale. Heller complained to the escrow agent that he was in no way involved in the repayment of the loan to John Hancock Company and that portion of the contract for deed referring to any mortgage referred to the Kansas City Life Insurance Company mortgage which had been paid off.

Since there was a problem in interpreting the language of the contract, Heller brought this action for declaratory judgment to adjudicate the respective rights and duties of the parties, in particular the amount of money owed by Osburnsen to Heller for

the purchase of the ranch. At trial Osburnsen contended the
purchase price was $85,000 and Heller had given Osburnsen $35,000
for cosigning the note and mortgage. Heller contended the sale
price was $120,000, as set out in all the documents, and that Osburnsen
still owed Heller $50,000.

The trial court found the purchase price to be $120,000; that
Heller had received $35,000 as down payment and the additional
sum of $35,000 by reason of payment of the Kansas City and Realty
Abstract obligations; and Osburnsen still owed Heller the sum of
$50,000. The trial court further found the John Hancock Company
loan was made jointly to both parties and Osburnsen was obligated
to pay 50% of the loan, independent of payments on the contract;
that Heller was obligated to repay the other 50% of the John Hancock
Company loan out of the yearly payments for the sale of the ranch.

On appeal appellant Osburnsen raises three issues for review:

1. Did the district court abuse its discretion in decreeing
a reformation of a written contract in a declaratory judgment action?

2. Did the district court abuse its discretion in entering
findings and granting declaratory judgment outside the issues
presented?

3. Did the district court err in denying defendant's motion
for summary judgment?

In his first issue Osburnsen contends the district court in
a declaratory judgment proceeding abused its discretion by reforming
the contract. He argues the contract was clear and stated specifi-
cally:

> "The Vendors shall deposit with the escrow agent here-
> inafter named all mortgages or other indebtedness incurred
> by Vendors which indebtedness is secured by a mortgage on
> the above described real property, and instruct the escrow
> agent that all payments received on this Contract for Deed
> shall be applied by the escrow agent on the payment of such
> indebtedness; That upon payment in full of such outstanding
> indebtedness of the Vendors all amounts paid by the Vendees
> to the Vendors shall be credited to the Vendors."

Osburnsen argues that neither party wants the contract
changed, and the above cited clause refers to the John Hancock
Company loan. Respondent Heller claims the clause refers to the

Realty Abstract and Kansas City Company loans. Osburnsen contends since the district court went beyond the contract and found both parties owed on the note, it reformed the contract without proper authority.

We do not agree the district court reformed the contract. This action was brought under the Uniform Declaratory Judgments Act, sections 93-8901 through 93-8916, R.C.M. 1947, which provides in part:

> "93-8901 Scope. Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall the force and effect of a final judgment or decree."

> "93-8902 Power to construe, etc. Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

> "93-8903 Before breach. A contract may be construed either before or after there has been a breach thereof."

Here, there was ambiguity on the face of the contract as to which mortgage -- John Hancock or Kansas City Life -- was referred to. In McNussen v. Graybeal, 146 Mont. 173, 186, 405 P.2d 447, this Court when faced with a problem of ambiguity said:

> "It is well-settled law that the question of whether an ambiguity exists is one of law for the court."

The Court then went on to say that when having to explain an ambiguity in a contract, extrinsic evidence will be used to explain the true intention of the parties.

Considering the evidence, we find two exhibits introduced at trial which were applications for a farm mortgage loan. One was signed by Heller and the other by Osburnsen. Both applications were for the same land, the Heller ranch, and both recited the same selling price $120,000. Upon being called to interpret the

contract, it was clearly within the purview of the district court judge to examine the evidence and it was not an abuse of his discretion to find that both parties were liable to the John Hancock Company. Both parties had signed loan applications for the same land, and the district court found that both owed one half of the note. The court did not reform the contract but instead interpreted it in light of the whole transaction and all the documents and evidence, which is according to law.

We find authorities cited by appellant Osburnsen deal with actions concerning suits to reform contracts. Such was not the situation here; therefore the cited authorities are not persuasive.

Osburnsen's second issue is that the district court abused its discretion in entering findings and granting declaratory judgment outside the issues presented. He cites National Surety Corp. v. Kruse, 121 Mont. 202, 192 P.2d 317, where this Court held that in a declaratory judgment action the district court must have findings of fact to support the judgment; or the issues must have been presented in the pleadings for determination. That rule of law is clear and established; we do not find that it is in conflict with the situation in the instant case.

The complaint alleged:

"I. That this action is brought under the provisions of Chapter 89 of Title 93 of the Revised Codes of Montana, 1947, and acts amendatory thereto.

"II. That prior to the 5th day of October, 1967, Plaintiffs were the owners of a certain ranch and had listed the same for sale with Tom Girvin, a relator in the city of Lewistown; that on or about the 5th day of October, 1967, Defendants herein agreed to purchase and Plaintiffs herein agreed to sell, the said ranch for the sum of $120,000.00 on the terms and basis set out in a certain receipt and agreement to sell and purchase, a true and correct copy of which is annexed to this Complaint as Exhibit "A" and by incorporation and reference made a part hereof.

"III. That subsequently on or about the 24th day of November, 1967, the parties hereto had a formal Contract for Deed prepared and that the same was duly and properly executed by all of the parties hereto; that said contract provided for the payment of $120,000.00

by Defendants to Plaintiffs for the purchase of said ranch, and certain other matters; that a true and correct copy of this Contract for Deed is annexed to this Complaint as Exhibit "B" and by incorporation and reference made a part hereof.

"IV. That subsequently Defendants made arrangements to borrow certain sums of money on the real property with which to complete the down payment thereon and to prepay certain other items of costs and other matters in connection therewith; and that Plaintiffs herein executed the loan documents at the special instance and request of Defendants; that Defendants have taken possession of the ranch and that altogether there has been paid to Plaintiffs on account of said agreement the sum of approximately $69,670.00, and that there is still due and owing to Plaintiffs the sum of approximately $50,330.00, plus accrued interest and other interest which will accrue from time to time.

"V.  That Defendants have now stated and alleged that they only paid $85,000.00 for the ranch, and on account of the transaction, and that there is now only due and owing to Plaintiffs the sum of $15,000.00, all contrary to the form, force and effect of the written agreement between the parties and all other agreements between the parties; that such allegations by Defendants are false and untrue and that there is due and owing to Plaintiffs the sum of approximately $50,330.00."

The prayer for relief asked that a declaratory judgment be entered declaring and adjudicating the respective rights and duties of the parties under the provisions of the contract.

It is clear from the complaint, in particular paragraph IV and the prayer, that Heller wanted a determination of who owed what on the John Hancock Company loan. This is what the pleadings asked for, and it is what the district court did. Osburnsen alleges the district court went beyond the pleadings in its determination, but our reading of the pleadings and prayer for relief finds no error in the district court's action.

Appellant Osburnsen's final issue is that the district court erred in not granting summary judgment. Defendant Osburnsen served on plaintiff Heller a request for admissions, pursuant to Rule 36, M.R.Civ.P. Heller did not respond to the request within the time period and so Osburnsen moved for summary judgment, based primarily on the admissions which are deemed admitted as true if not answered.

A review of the record indicates the district court allowed Heller to file answers which, although late, were admitted and then the district court denied the motion for summary judgment. The real question is --- was the district court correct in granting Heller time to file answers after the time limit had expired? We find the district court correctly interpreted the rule.

It has been established by case law that if answers are not made to requests for admissions under Rule 36, M.R.Civ.P., such admissions are deemed admitted as true. Naegeli v. Daniels, 145 Mont. 323, 400 P.2d 896. However, this Court has not heretofore had the problem, as here, where a party wants to file answers but it is after the permitted time period. 2 Moore's Manual, Federal Practice and Procedure, § 15.05[2], p. 1156, provides a guide:

> "* * * Failure to take any action within the period stated in the request results in an admission of the facts stated therein, although the court may permit the party to file his answer after the expiration of such time where the delay was not caused by lack of good faith. Or in the absence of any prejudice to the party requesting the admission."

In French v. United States, 416 F.2d 1149, 1152, the Ninth Circuit Court of Appeals, citing from Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686 (2 Cir. 1966), said:

> "Under compelling circumstances the District Court may allow untimely replies to avoid admission. * * * Since the purpose of Rule 36 is to expedite trial by removing uncontested issues and no delay was caused here, there is no sufficient reason to force the District Court to grant summary judgment here where no prejudice is shown."

In the instant case it was established that the delay was caused by a mixup in office procedure, and certainly not by any bad faith on Heller's part. It was an accident that the answers were not filed within the time, but it was a situation within the discretion of the trial court to determine if Osburnsen would be prejudiced by the late filing. Since it is clear no prejudice could be shown, we find nothing which would indicate the district

court abused its discretion in either allowing the late filing, or in denying the motion for summary judgment.

The judgment of the district court is affirmed.

_Wesley Castles_
Associate Justice

We Concur:

_Gene B. Daly_

_Frank I. Haswell_

_John Conway Harrison_
Associate Justices

_Jack D. Shanstrom_
Hon. Jack Shanstrom, District
Judge, sitting for Chief Justice
James T. Harrison.