No. 12917

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

LESTER J. HELLER and VIRGINIA ANN HELLER,
his wife,

        Plaintiffs and Respondents,

-vs-

ARTHUR S. OSBURNSEN and LUCILLE F.
OSBURNSEN, his wife,

        Defendants and Appellants.

---

Appeal from:  District Court of the Tenth Judicial District,
           Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

    For Appellants:

        Johnson and Foster, Lewistown, Montana
        Robert L. Johnson argued, Lewistown, Montana

    For Respondents:

        Dockery and Parrish, Lewistown, Montana
        Bradley B. Parrish argued, Lewistown, Montana

---

                    Submitted:  May 9, 1975

                    Decided:  OCT 3 0 1975

Filed:  OCT 3 0 1975

Thomas J. Kearney
                        Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This case has been previously before this Court; Heller v. Osburnsen, 162 Mont. 182, 510 P.2d 13; as a declaratory judgment action in which the district court was asked to interpret the rights and obligations of the parties to a contract-for-deed and escrow agreement arising from the sale of a ranch by the Hellers to the Osburnsens. Because the facts of the case are set out in the previous Heller decision, we do not find it necessary to again set out in detail the fact situation.

The Hellers sold the ranch to the Osburnsens for $120,000. A loan from the John Hancock Insurance Company of $70,000 was taken on the property with both the Hellers and the Osburnsens signing the loan contract as joint makers of the loan. Thirty-five thousand dollars of the loan was used by the Hellers to repay the then outstanding mortgage and the remaining $35,000 was used by the Osburnsens as the downpayment to the Hellers.

When the Osburnsens made their payments to the escrow agent, the First National Bank of Lewistown, the full yearly obligation to John Hancock was paid first, with the remainder paid to the Hellers, less any escrow fee. The Hellers dispute the manner in which the escrow agent distributed the Osburnsens' payments and filed a declaratory judgment action in the district court. On June 9, 1972, the district court issued its amended judgment which held, inter alia:

> "1. That Defendants [Osburnsens] are entitled to credit in the sum of $70,140.34 on the purchase price of the real property herein involved; that said purchase price was in the total sum of $120,000.00 plus interest on the unpaid balance at the rate of 5 1/2% per annum as set out in said contract; that there remains due and owing to Plaintiffs herein the principal sum of $49,859.66 plus interest on the principal sum of $84,850.00 from the 24th day of November, 1967, to the 19th day of February, 1968, and interest on the sum of $49,859.66 from the 19th day of February, 1968, and that Defendants will be entitled to credit against these sums in the manner

hereinafter set out;

"2. That Defendants are entitled to credit on the unpaid balance due on said contract as set out herein for 50% of the sums paid to the John Hancock Mutual Life Insurance Company as principal or interest and that the remaining 50% of such sums paid are the sole obligation of Defendants;

"3. That in the event the parties cannot agree upon the remaining balance due after crediting payments made by Defendants as shown by the evidence that either party may petition this Court for a Supplemental Decree and Accounting;

"4. * * *

"5. That the payments due by Defendants to Plaintiffs are each in the amount of $4,260.00 together with accrued interest thereon at the rate of 5 1/2% per annum on the unpaid balance as the same from time to time appears, which said payments are due on or before the 10th day of January of each calendar year and subject to the restriction on prepayments set out in said contract."

Osburnsens appealed from this judgment. This Court affirmed the district court's judgment.

Hellers then petitioned the district court for an accounting as permitted in the judgment. The district court issued its order requiring Osburnsens to either answer Hellers' petition or admit the truth thereof within 20 days after service upon Osburnsens' counsel. The order also stated if Osburnsens' answer to the petition denied the matters set out therein the court would thereafter set a day for hearing the petition and answer. Osburnsens filed a motion to dismiss with briefs filed by each party and a hearing held on the motion, whereupon the motion was dismissed. After a series of hearings, the district court on September 11, 1974, entered its findings of fact and conclusions of law, with what was termed a judgment. In its findings of fact, the court held in part:

"5. The unpaid balance due on the contract to Plaintiffs was $84,850.00.

"6. The amount which Defendant should have paid on the contract balance through December 31, 1973, was $21,300.00 as principal and $21,592.91 as interest, a total of $42,892.91. The amount

- 3 -

actually paid by Defendants during this period
was $5,203.98 as principal, and $23,102.90 as
interest, a total of $28,306.88. This leaves
a shortage in the payments due Plaintiffs of
$14,586.03 before adjustment for interest by
reason of the delay in payment.

"7. * * *

"8. The amount which should have been paid by
the Defendants on the contract balance through
December 31, 1973, is the sum of $42,892.91;
the Plaintiffs' share of principal and interest
on the John Hancock Company loan for the same
period was $17,751.04; the amount which should
have gone to Plaintiffs personally was $25,141.87;
the amount actually paid to Plaintiffs during the
same period was $10,555.84.

"9. The adjustment in the interest due Plaintiffs
by reason of delay in payments is as follows: * * *
[Statistics are here set out indicating the principal
overpaid less the interest underpaid leaving a total
due of $16,831.42]  Thus, the sum of $16,831.42
is due and payable from Defendants to Plaintiff
through December 31, 1973, together with interest
on the sum of $14,586.03 at the rate of 5 1/2%
from January, 1974, until paid."

The Osburnsens now appeal.

The Osburnsens present three issues for this Court's
review:

1. Did the district court have jurisdiction to enter a
new judgment in these proceedings different in matters of substance from an earlier judgment affirmed by this Court?

2. Would the enforcement of such new judgment violate
appellants' rights under the due process clause of the United
States Constitution?

3. Is the most recent judgment supported by the record?

Osburnsens contend the changes made by the district
court are beyond the jurisdiction of that court. The Osburnsens
further contend the enforcement of the district court's September
11, 1974, accounting would violate their rights under the due
process clause of the United States Constitution, arguing that no
judgment of a court affords due process of law if rendered without jurisdiction.

- 4 -

We must first determine whether the September 11, 1974, accounting was in fact a new judgment or was merely a clarification of the June 9, 1972, judgment.

Rule 54(a), M.R.Civ.P., defines a "judgment" as follows:

"A judgment is the final determination of the rights of the parties in an action or proceeding * * *."

The general nature of a judgment, as stated in 49 C.J.S. Judgments, §2, page 26, is:

" * * * a judicial declaration by which the issues are settled and the rights and liabilities of the parties are fixed as to the matters submitted for decision. * * *"

No party to this appeal questions that the rights of the parties were not finally determined and the issues settled by the judgment of June 9, 1972. The total purchase price, the sole obligation of Osburnsens to pay 50% of the John Hancock loan, and the credits due the parties were determined in that judgment. A petition for an accounting and supplemental decree was permitted in the 1972 judgment, if the parties could not agree on the remaining balance due after the Osburnsens' payments were credited. Thus the judgment there was "interlocutory" and the rules relied on by the appellants have no application.

The 1974 accounting of the district court was issued pursuant to the provisions of the 1972 "interlocutory" judgment permitting either party to the suit to petition the district court for an accounting and supplemental decree. No rights determined in the 1972 judgment were changed, nor were any of the formerly settled issues changed. The 1974 accounting merely clarified the balance due the Hellers after the Osburnsens' payments were properly credited.

The arguments presented by Osburnsens regarding the district court's lack of jurisdiction to enter a new judgment, and the violation of due process in so doing, are of no relevance in

this matter, as we have held the 1974 accounting was not a "new" judgment.

Upon examining the record, we find the 1974 accounting was supported by the record.

The accounting of the district court is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____
Justices