No. 13250

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

LESTER J. HELLER,

Plaintiff and Respondent,

-vs-

ARTHUR S. OSBURNSEN and
LUCILLE F. OSBURNSEN,

Defendants and Appellants.

---

Appeal from: District Court of the Tenth Judicial District,
Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

For Appellants:

Johnson and Foster, Lewistown, Montana
Robert Johnson argued, Lewistown, Montana

For Respondent:

Dockery and Parrish, Lewistown, Montana
Bradley B. Parrish argued, Lewistown, Montana

---

Submitted: March 3, 1976

Decided: APR 12 1976

Filed: APR 12 1976

Thomas J. Kearney
Clerk

PER CURIAM:

This is a motion to dismiss appellants' appeal from the denial of a motion to quash a writ of execution, issued by the district court, Fergus County.

This case has been before this Court on two previous occasions: Heller v. Osburnsen, 162 Mont. 182, 510 P.2d 13 (Heller I); and Heller v. Osburnsen, ____ Mont.____, 541 P.2d 1032, 32 St.Rep. 1066 (Heller II). Because the facts of the case were set out in the previous Heller decisions, it is not necessary to again set out in detail the fact situation. Since the last appeal Mrs. Heller has died, thus Mr. Heller remains the sole plaintiff.

This involved action arises out of the sale of ranch properties by Heller to Osburnsens. The first appeal before this Court, decided May 7, 1973, involved a declaratory judgment action brought by Heller to adjudicate the respective rights and duties as to the ranch sale transaction. The district court judgment was affirmed in Heller I. In the second appeal, decided October 30, 1975, this Court affirmed the supplemental accounting approved by the district court and found that such accounting did not violate due process, (Heller II).

The accounting affirmed in Heller II found Osburnsens were liable to Heller in the amount of $16,831.42, together with interest on the sum of $14,586.03 at the rate of 5 1/2% per annum from January 1, 1974, until paid.

In November 1975, Heller's attorney sent a letter to Osburnsens' attorney demanding the payment of $23,608.42. This amount included the $16,831.42 awarded to Heller by the September 11, 1974 accounting, plus interest of $1,604.46 as directed in the accounting, plus underpayments on the ranch purchase contract for 1974-1975 totaling $5,174.37.

- 2 -

In response to this letter the attorneys for the respective parties had a discussion resulting in Osburnsens' attorney drawing up a stipulation, which was signed by both attorneys.

The stipulation provided, in pertinent part, the beginning deferred balance of the purchase contract was $84,850 and requested the escrow agent to compute each annual payment to date, with interest. The escrow agent was asked to deduct from each payment the amount actually paid by Osburnsens. Osburnsens would then pay Heller the sum of all shortages, plus interest from the actual shortage date.

The escrow agent, First National Bank of Lewistown, stated it could not comply with the stipulation requests. Osburnsens' attorney wrote the bank asking for the payments actually made by them, according to the bank's records, and the payment schedule according to the bank's records. Osburnsens' attorney asked for the bank records for the payments as actually applied, not as they should have been applied pursuant to the district court judgment and accounting, both of which were affirmed by this Court.

Osburnsens' attorney interpreted the bank records to reach the conclusion that they owed Heller $152.00, rather than the $23,608.42 demanded by Heller. On November 20, 1975, Osburnsens' attorney offered this amount as full settlement of the action and debt.

On November 21, 1975, Heller's attorney declared the offer of $152.00 an insult and indicated he considered the stipulation void and of no force or effect; claiming Osburnsens' attorney was interpreting the bank records as though he had won both appeals to this Court. A sixty day notice and demand pursuant to the default clause of the ranch purchase contract was included in that letter.

On December 29, 1975, the clerk of the district court issued an execution directed to the county sheriff, asking the sheriff to levy on Osburnsens' property in the amount of $23,610.25, plus costs.

Osburnsens' attorney filed a motion to quash the execution on December 30, 1975. On the same day he sent a letter to the clerk of court and the sheriff warning that if the writ were found to be wrongfully issued, Osburnsens would hold each responsible for any resulting damages.

On December 31, 1975, Heller's attorney filed an answer to the motion to quash.

On January 12, 1976, the sheriff executed on Osburnsens' bank account in the amount of $23,610.25.

On January 16, 1976, after a hearing on the motion to quash, the district court denied the motion to quash on the grounds the stipulation was ambiguous and the bank officer apparently refused to try to carry it out.

Osburnsens appealed this order on January 19, 1976.

Appellants filed a motion to stay execution on January 21, 1976. A hearing was held on this motion resulting in a stay order and providing the money in the sheriff's hands be deemed a sufficient undertaking for supersedeas and costs on appeal.

Respondent raised two issues on his motion to dismiss for consideration by this Court.

1. Are the issues raised in appellants' appeal res judicata?

2. Was appellants' appeal taken without substantial or reasonable grounds, but for purposes of delay only, whereby damages should be assessed against appellants pursuant to Rule 32, M.R.App.Civ.P.?

This Court determined, in the two prior decisions in this matter, that appellants owe respondent $16,831.42, plus

interest. Approximately $5,000.00 is due respondent as under-payments on the ranch purchase contract subsequent to the September 11, 1974 accounting, affirmed by this Court in Heller II. No stipulation or agreement signed by the respective attorneys can change this determination, it exists until modified, amended, or overruled by this Court.

The award to respondent is res judicata. The general rules for res judicata are set out in 46 Am Jur 2d, Judgments, §404, p. 571:

> "A final judgment on the merits, rendered by a court of competent jurisdiction, is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same claim, demand, and cause of action * * *. The judgment puts an end to the cause of action which cause cannot again be brought into litigation between the parties upon any ground or for any purpose whatever, in the absence of some factor invalidating the judgment." (Emphasis added.)

The crux of appellants' argument on appeal, is that the writ of execution was improperly issued as the amount due respondent from appellants was settled pursuant to the stipulation. While paying lip service to the stipulation, and the actions of the district court and this Court, appellants' attorney contends this matter has been settled for $152.00, thereby wholly ignoring this Court's affirmance of the district court judgment and accounting.

A stipulation cannot interfere with the duties, functions, or decisions of this Court, or any other court. 73 Am Jur 2d, Stipulations, §4 and §11. Regardless of the language of the stipulation, and appellants' attorney's interpretation thereof, appellants owe respondent the amounts determined in the September 11, 1974 accounting, affirmed by this Court, Heller II.

Any stipulation which is interpreted as settling a valid judgment in excess of $16,000 for the sum of $152 is void as being absurd. The stipulation is obviously ambiguous or such

an absurdity could not result thereby.  The district court properly found it so.

Appellants also raise a question of violation of due process in their appeal.  We find no violation of due process as statutory requirements were followed, and no prejudice resulted to appellants, due to the hearing which was afforded them.

We need not go into the propriety of the writ of execution except to say a writ of execution is a proper means of enforcing a money judgment.  Section 93-5805, R.C.M. 1947; Nepstad v. East Chicago Oil Assn., Inc., 96 Mont. 183, 29 P.2d 643.

Appellants question the $5,000.00 excess in the execution. The district court did not speak to this issue in its denial of the motion to quash.  An excessive judgment is not per se void, it is merely voidable unless fraudulent intent is proven.  The proper practice to remedy this matter is a motion to set aside the excess, not move to quash the writ.  33 C.J.S. Executions §75, p. 216.

Appellants' attorney is attempting to use an appeal of the denial of a motion to quash a writ of execution as a vehicle to once again raise a question as to the propriety of this Court's determinations in Heller I and Heller II.

In Libin v. Huffine, 124 Mont. 361, 363, 224 P.2d 144, this Court stated:

> "Where as here an appellate court has unqualifiedly
> affirmed a judgment of the trial court, it would
> obviously and unnecessarily protract litigation
> to allow further or successive appeals from the
> judgment so affirmed.  Such successive appeals in
> fact would be appeals attempted to be taken from
> the decision of the appellate court itself."

See also, Gray v. Bohart, 131 Mont. 522, 312 P.2d 529.

In the instant appeal, appellants' attorney is indirectly

- 6 -

appealing the two earlier decisions in an apparent attempt to delay payment of the awarded sums to respondent. Such an appeal is frivolous and without merit.

This is a proper case to grant a motion to dismiss the appeal as frivolous and without merit. Rule 32, M.R.App.Civ.P., states:

> "Damages for appeal without merit. If the supreme court is satisfied from the record and the presentation of the appeal, that the same was taken without substantial or reasonable grounds, but apparently for purposes of delay only, such damages may be assessed on determination thereof as under the circumstances are deemed proper."

In Weinheimer v. Scott, 143 Mont. 243, 388 P.2d 790, a case involving appellants' attorney in the instant case, we quoted Libin v. Huffine, supra, with approval and imposed damages of $500 in favor of respondent. These damages were imposed on appellants' attorney for a frivolous appeal. These damages were the cost of travel, research, and preparation to answer the frivolous appeal.

In Farmers State Bank of Conrad v. Iverson and Bouma, 162 Mont. 130, 133, 509 P.2d 839, this Court assessed damages of $1,000 as a "restraint on the activities of petitioners and appellants."

The motion of respondent to dismiss appellants' appeal is hereby granted. Damages under Rule 32 are assessed in the amount of $1,000.

Honorable W. W. Lessley, district judge, sat in place of Mr. Chief Justice James T. Harrison.