No 14342

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

IN RE THE MATTER OF

ROBERT L. JOHNSON, Attorney at law,

Respondent.

_____

ORIGINAL PROCEEDING:

Counsel of Record:

For Appellant:

Richard F. Cebull, Billings, Montana
Arnold Huppert, Jr., Livingston, Montana

For Respondent:

Robert L. Johnson and Torger Oaas, Lewistown, Montana

_____

Submitted: April 25, 1979

Decided: JUL 18 1979

Filed: JUL 18 1979

Thomas J. Kearney
_____ Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

On June 8, 1978, the Commission on Practice (established by this Court in 1965 to aid the Court in its duty to discipline attorneys) filed a complaint against Robert L. Johnson, of Lewistown, Montana. Johnson has been admitted to practice in Montana since 1957.

The complaint is framed in two counts. The first count relates to Edward V. Brabender and his wife Frances Brabender, who allege that they hired Johnson (hereafter "attorney") to represent them in connection with difficulty they were having with their mobile home which they had recently purchased. The Brabenders allege they were informed by the attorney that he had commenced a lawsuit on their behalf but that in fact the suit was not commenced until after the running of the statute of limitations; and that on a motion for summary judgment their suit was dismissed on that ground and others.

The second count of the complaint relates to Lester J. Heller and his wife, Virginia Ann Heller of Winifred, Montana, who had in 1967 entered into a contract for deed as sellers with Arthur S. Osburnsen and Lucille F. Osburnsen, husband and wife, for the sale of a ranch located in Fergus County. The complaint alleges that a problem arose in interpreting the language of the contract. The Hellers had brought an action for declaratory judgment to determine the amount of money owed by Osburnsens to Hellers for the purchase of the ranch. The Hellers had prevailed in the District Court, and on three subsequent trips to the Montana Supreme Court as well as the Federal District Court in Montana and thereafter, on appeal to the Ninth Circuit Court of Appeals of the United States. The Hellers contend that the attorney violated the Canons of Professional Ethics by asserting a position and conducting defenses

on behalf of his clients which he knew would serve merely to harass or maliciously injure the Hellers.

The attorney filed his answer to the complaint against him on June 29, 1978. He denied the essential allegation made by the Brabenders as to his representation of them, and with respect to the Hellers, denied their allegations and further contended that count 2 did not conform to the procedural requirements before the Commission on Practice and that the complaint had been filed against him at the sole instigation of Bradley B. Parrish, attorney for the Hellers, and not for any legitimate purpose of the Hellers.

The hearing was set before the Commission on Practice in Great Falls, Montana, on Thursday and Friday, November 9 and 10, 1978. Thereafter the Commission rendered its report, findings of fact and recommendations with the Clerk of this Court on March 16, 1979. In its report, the Commission found that the charges leveled against the attorney were substantially true and recommended that the attorney receive a public censure in open court from this Court at a date and time to be set hereafter. The attorney filed his exceptions to the report, in essence denying the factual findings of the court, and denying that any of the findings of the Commission stated sufficient facts to constitute breaches of the Canons of Professional Ethics.

What we said in Matter of Goldman (1978), ____ Mont. _____, 588 P.2d 964, 974, 975, 35 St.Rep. 934, has pertinence here:

> "Ultimately, the discipline of a member
> of the Bar falls upon this Court. We have
> that power and duty inherently and by virtue
> of constitutional provisions (1972 Mont.
> Const., Art. VII, §2). It was to aid us
> in the exercise of that power and the performance
> of that duty that the Commission on Practice
> was established in 1965. Once the Commission
> has made its report and findings to us, it is
> still our duty to weigh the evidence upon which
> the findings rest.. . . It is the burden of the
> attorney to demonstrate that the findings are
> not supported by the evidence or the recommenda-
> tions are erroneous or unlawful. The attorney has
> the burden to show the charges are not sustained
> by convincing proof and to a reasonable certainty.

"When, as here, the findings rest on testimonial evidence, we are reluctant to reverse the decision of the Commission, which is in a better position to evaluate conflicting statements after observing the demeanor of the witnesses and the character of their testimony. (Citing a case.)"

We have reviewed the findings of fact of the Commission and the transcript and exhibits upon which those findings are based. The findings of the Commission are solidly supported in the evidence.

Briefly, it appears that the Brabenders hired the attorney when they purchased a mobile home manufactured by Kit Manufacturing Company of Caldwell, Idaho, the purchase order agreement being made with Falls Mobile Home Center, Inc., of Great Falls, Montana. The mobile home was defective and in early December 1971 the Brabenders employed the attorney in connection with their difficulties over the mobile home. Representatives of the manufacturer and the mobile home dealer met and proposed repairs with the respondent Johnson. Brabenders contend that they were dissatisfied with the suggested repairs and wanted a lawsuit commenced respecting this. In the years subsequent to December 1, 1971, the Brabenders made frequent telephone calls and personal visits to learn the status of their supposed lawsuit. They were told by the attorney in 1972 that the lawsuit had been filed and in October 1972 the attorney told them it was "on the steps of the courthouse." The attorney told them to be patient, that the case was on the calendar, that the attorney was trying to "hurry it up" in the courts. On October 8, 1976, when the Brabenders were advised that there had been a levy on their bank account arising out of the mobile home contract, they got in touch with another attorney and learned that no lawsuit had been filed on their behalf until February 20, 1976.

-4-

The Brabenders lost the suit in District Court. On appeal to this Court, in Brabender v. Kit Mfg. Co. (1977), ____ Mont. _____, 568 P.2d 547, 34 St.Rep. 1004, they lost their appeal. The reasons given in our Opinion on that case relate to the statute of limitations, laches and failure to properly make recission as grounds for denying relief to the Brabenders. All of these defenses can be laid at the feet of the attorney here.

The record shows that the Brabenders, concerned about their case, frequently made telephone calls and otherwise communicated with the attorney about the progress of their lawsuit. They were assured that an action had been filed, but that it was being delayed in the courts. As we indicated, the attorney did not institute a lawsuit on behalf of the Brabenders until after the applicable statute of limitations had run.

In the Hellers' case, a dispute arose between the Hellers and the Osburnsens as to the amount that was due under the contract for the purchase of real estate. The Hellers commenced a declaratory judgment action in Fergus County against Osburnsens, who were represented by the attorney. The District Court rendered judgment which the Osburnsens, represented by the attorney, appealed to the Montana Supreme Court. There, this Court affirmed the District Court in Heller v. Osburnsen (1973), 162 Mont. 182, 510 P.2d 13. Thereafter, the Hellers petitioned the Fergus County District Court for an accounting. Osburnsens, represented by the attorney, again resisted. The Fergus County District Court rendered its findings of fact, conclusions and judgment which was again appealed by the Osburnsens through the attorney. The District Court was again affirmed in Heller v. Osburnsen (1975), 168 Mont. 232, 541 P.2d 1032.

-5-

After this affirmance, a disagreement arose between the counsel representing Hellers, and this attorney, concerning the scope and meaning of the stipulation intended to facilitate settlement. This resulted in a third appeal, in 1976, wherein this Court again held in favor of the Hellers. Heller v. Osburnsen (1976), 169 Mont. 459, 548 P.2d 607. In that case, this Court assessed damages for a frivolous appeal in favor of Hellers' attorney in the sum of $1,000. The decision was rendered on April 12, 1976. Johnson refused payment on August 12, 1976, and on August 18, 1976, the attorney for Hellers filed a Motion for Disciplinary Action against the attorney. The $1,000 was then paid, as ordered, and those proceedings apparently terminated.

On February 9, 1977, the attorney prepared a complaint verified by his clients as plaintiffs, against the Hellers, The First National Bank of Lewistown, the District Court of the Tenth Judicial District and the Supreme Court of the State of Montana, its then Chief Justice, and caused it to be filed in the District Court of the United States for the District of Montana. The attorney asserted federal jurisdiction claiming deprivation of civil rights. He charged the Montana Supreme Court with being coercive and arbitrary, and disputed the findings in the previous Heller actions which related to the amount due under the Heller contract. The complaint was dismissed on the merits and with prejudice. Osburnsen v. Heller (1977), 34 St.Rep. 193.

In addition to the findings by the Commission on Practice of this Court, the local Grievance Commission also examined the Brabenders' cause, and found that this attorney had been employed by the Brabenders in late 1971, that he misled them in the belief that he had actually filed a case, and he represented

-6-

the delay in bringing it to trial was because of crowded dockets and court calendars. The Commission on Practice further found that the attorney failed to obtain full factual knowledge of the Brabender case as required by Canon 8, Canons of Professional Ethics, that he handled a legal matter without preparation adequate in the circumstances and he fully neglected a legal matter entrusted to him, both in violation of Disciplinary Rules 6-101(A)(2) and (3).

The Commission found, in connection with Hellers, no factual or legal justification for the action which he filed in Federal Court other "than a vitriolic venting of his anger". It found that in spelling out a diatribe against lawyers in his oral testimony and, in his various letters and pleadings, he did likewise with respect to fellow lawyers, the district judge, and the Supreme Court. Thereby he violated the Preamble in Canon 1, Canons of Professional Ethics and his actions were prejudicial to the administration of justice in violation of Disciplinary Rule 1-102(A)(5), Canons of Professional Ethics; that he violated Disciplinary Rule 7-102(A)(1) and (2) by taking action that served merely to harrass or maliciously injure another and by advancing a claim or defense that is unwarranted under existing laws; that he apparently violated Disciplinary Rule 7-106(A) by advising that his client should disregard the rulings of the courts made in the course of a proceedings; that he violated Disciplinary Rule 7-106(C)(6) by engaging in undignified or discourteous conduct which is degrading to the Court; and that he violated the spirit at least of Disciplinary Rule 8-102(B) by making accusations against judges with no showing that they were true and that he was not making false accusations.

In Goldman, we stated:

"We start with the proposition that an attorney must during the period of his authority to practice before the Bar of this State so conduct himself that he evinces a good moral character, a trustworthy nature and a true commitment to fair dealing with his clients, and with others on behalf of his clients. Fair dealing and honesty should be the trademarks of an attorney.. . .

-7-

These are the qualities which are essential
for admission to the Bar, and if the attorney
lapses from or ceases to possess those qualities,
he or she is subject to our discipline, even to
removal from the Bar." 588 P.2d at 974.

The matters brought out in the record in this case
indicate that the attorney does not possess, or has lapsed from,
the qualities of honesty and fair dealing. It is certain
that he was not honest in his representations to the Brabenders.
It is equally certain that he lost his sense of fair dealing
and trustworthiness in the Hellers case. The purpose of a
lawsuit is to end the dispute among the parties, not to
prolong it. When an attorney refuses to accept the decisions of
the courts in which he practices, and by frivolous appeals
and other actions, he continues to stir up new or fancied wrongs,
he does not serve the best interests of his own clients, and
he visits unnecessary expense and anxiety upon the adverse
parties. Such actions call into question the temperamental
fitness of the attorney to practice law. The Commission on
Practice, having an opportunity to observe him, decided that
the punishment of public censure in open court should be sufficient.
It is apparent that the Commission on Practice is hopeful that
an otherwise talented lawyer will have learned from the results
of his own indiscretions. The attorney has no previous
disciplinary record. We concur, therefore, in the findings
and conclusions contained in the report of the Commission on
Practice, and will order public censure of the attorney at a
date and place to be set by us with a warning to the attorney
that he is now on his good behavior as to his dealings with
his clients, and as to his respect for the orderly disposal
of legal proceedings.

IT IS ORDERED, and it is the judgment of this Court
that the attorney, Robert L. Johnson, of Lewistown, Montana,
shall receive a public censure in open court on a date and at
a time to be set hereafter.

-8-

_John C. Sheehy_
Justice

We Concur:

_Frank I. Haswell_
Chief Justice

_Gene B. Daly_

_Daniel J. Shea_

Justices

Mr. Justice John C. Harrison did not participate in this action.

-9-