No. 90-337

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

SAMUEL GARRETT,

Plaintiff and Appellant,

-v-

PACCAR FINANCIAL CORPORATION, a Washington
Corporation, and OH, MONTANA, INC., d/b/a
PERSONAL COLLECTIONS, and DONALD M. LEACH
d/b/a Personal Collections,

Defendants and Respondents.

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gary L. Spaeth, Red Lodge, Montana

For Respondent:

Stephen C. Mackey; Towe, Ball, Enright & Mackey;
Billings, Montana (PACCAR Financial Corp.)
Stephen C. Pohl, Bozeman, Montana (Oh, Montana,
Inc.)
Calvin L. Braaksma; Landoe, Brown, Planalp &
Kommers; Bozeman, Montana (Donald M. Leach)

Submitted on Briefs:  October 19, 1990

Decided:  November 29, 1990

FILED

'90 NOV 29 AM 10 23

ED SMITH, CLERK
MONTANA SUPREME COURT

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

The plaintiff, Samuel Garrett (Garrett), initiated this suit to recover damages sustained during the alleged wrongful possession of Garrett's semi-truck. The District Court for the Eighteenth Judicial District, Gallatin County, granted summary judgment under Rules 36(a) and 56 of the Montana Rules of Civil Procedure. Plaintiff appeals. We affirm.

The issue is did the District Court err when it granted the defendants' motion for summary judgment under Rules 36(a) and 56, M.R.Civ.P.?

The relevant facts to the issue before this Court are procedural. On January 11, 1989, defendant PACCAR Financial Corporation (PFC), served its first written interrogatories on Garrett. When Garrett failed to respond after ten months, PFC served Garrett with a set of Requests for Admissions on October 11, 1989. The Requests for Admissions were based on the prior unanswered interrogatories and were aimed at all of the material allegations of Garrett's complaint. Garrett failed to respond to the Request for Admissions and three months later, on January 4, 1990, PFC moved the court for summary judgment on the theory that unanswered admissions are deemed admitted after 30 days under Rule 36(a), M.R.Civ.P.

Defendants, Donald M. Leach (Leach) and Oh, Montana, Inc. (Oh, Montana) joined PFC's motion based on the theory that Garrett's deemed admissions address the ultimate issues of fact in the case and are totally dispositive of Garrett's claims as to all

2

defendants.

The record shows that Garrett also failed to comply with discovery as to defendant Leach. On July 26, 1989, Leach served Garrett with interrogatories and Requests for Production of Documents. When Garrett failed to respond by October 6, 1989, Leach filed a Motion to Compel Discovery pursuant to Rule 37(a), M.R.Civ.P. On November 8, 1989, the court ordered Garrett to file the requested documents by November 17, 1989, and to produce income tax returns by December 15, 1989. To date Garrett has failed to produce the income tax returns as ordered by the court.

At the hearing on the motion for summary judgment, Garrett's counsel's stated reasons for failure to respond included the following: Garrett is a truck driver and fails to maintain contact with his attorney, Garrett experienced personal problems and illness and death in the family, counsel assumed this case from his associate who had left the firm, counsel is busy with other matters, and counsel believed he had a conversation with PFC's counsel which led him to believe he had an extension. At the time of the hearing on January 26, 1990, Garrett had not filed any brief in opposition to summary judgment and still had not filed any answers to interrogatories or requests for admission.

The District Court deemed the request for admissions as admitted under Rule 36(a), M.R.Civ.P., and granted summary judgment as to all defendants under Rule 56, M.R.Civ.P.

Did the District Court err when it granted the defendants' motion for summary judgment under Rules 36(a) and 56, M.R.Civ.P.?

3

Rule 36(a) states in relevant part:

> The matter is admitted <u>unless, within 30 days</u> after service of the request, <u>or within such shorter or longer time as the court may allow</u>, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection . . .

PFC's Interrogatories had gone unanswered for approximately a year and the Requests for Admissions had gone unanswered for three months. At no time had Garrett attempted to file answers or to file a request for permission from the court for a longer time as required under Rule 36(a). Garrett's deemed admission leaves no genuine issues of material fact as to liability on the part of any defendant. Delay or failure to respond to the requests for admissions justifies summary judgment under Rule 56, M.R.Civ.P. Morast v. Auble (1974), 164 Mont. 100, 105, 519 P.2d 157, 160.

The standard of review is set forth in <u>Morast</u> as follows:

> [A] litigant's right to file a late response [to requests for admissions] is "not a matter of right," but is rather "a matter resting within the discretion of the district court and will not be disturbed on appeal unless there is a showing of manifest abuse of discretion."

Id. at 105, 519 P.2d at 159.

A review of the record reveals no evidence showing a manifest abuse of discretion. We hold the District Court did not err when it granted the defendants' motion for summary judgment under Rules 36(a) and 56 of the Montana Rules of Civil Procedure.

Affirmed.

We Concur:

_____
Chief Justice

_____
Justice

4

_____
Diana S. Barz
_____
William E. Hunt Sr.
_____
R. C. McDonough
Justices