No. 90-524

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

ERNEST EASTON,

      Plaintiff and Appellant,

  -vs-

REX COWIE, d/b/a COWIE CRANE SERVICE,

      Defendant and Respondent,

   and

REX COWIE, d/b/a COWIE CRANE SERVICE,

      Counter-Plaintiff,

  -vs-

ERNEST EASTON,

      Counter-Defendant.

APPEAL FROM:   District Court of the Ninth Judicial District,
In and for the County of Pondera,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         John F. Lynch, Esq., Great Falls, Montana

      For Respondent:

         Tracy Axelberg; Jardine, Stephenson, Blewett &
Weaver, Great Falls, Montana

**FILED**

FEB -7 1991

Filed:
*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: January 10, 1991

Decided: February 7, 1991

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Ernest Easton appeals from an October 15, 1990, judgment of the District Court of the Ninth Judicial District, Pondera County, dismissing his wrongful discharge claim against Rex Cowie. We affirm.

The sole issue is whether the District Court abused its discretion by refusing to allow the service of an answer to a request for admission sixteen days after the response was due.

I

On August 14, 1989, Easton filed an action against Cowie alleging that he was wrongfully discharged from his employment with Cowie Crane Service. Cowie counterclaimed for a $1,000 down payment and materials for remodeling which Cowie allegedly provided to Easton for a mobile home Easton purchased from Cowie. A pretrial conference was held on July 9, 1990, and the matter was set for trial on February 11, 1991.

On July 26, 1990, Cowie served written discovery requests upon counsel for Easton. The document contained 24 items. Item 23 was labeled "DISCOVERY REQUEST NO. 23" and stated, "Please admit that your employment with Cowie Crane Service was terminated for just cause." According to Cowie, due to a mix-up in office procedure, he made no response to the discovery requests within the thirty-day limit required by Rules 33(a) and 36(a), M.R.Civ.P. Allowing three days for mailing, Easton should have answered the discovery

2

requests and request for admission by August 28, 1990.

On September 13, 1990, Cowie filed a motion for summary judgment, citing Easton's failure to respond to the request for admission, thereby admitting that he was terminated for just cause. Easton wrote a letter to Cowie on September 14, 1990, explaining the reason for the delay and answering the request for admission.

On October 1, 1990, the District Court heard oral arguments, and on October 5, 1990, the District Court granted Cowie's motion for summary judgment on the basis that no motion for an extension of time had been made. On October 9, 1990, Easton moved for an extension of time. The District Court denied the motion and dismissed the wrongful discharge claim.

## II

Did the District Court abuse its discretion by refusing to allow the service of an answer to a request for admission sixteen days after the response was due?

Rule 36(a) states in relevant part:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action, only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . .

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . .

3

Rule 36(a), M.R.Civ.P.

Easton argues that the law strongly favors disposition on the merits of the case and full litigation of all the issues brought before the trial court. Wagner v. Glasgow Livestock Sales Co. (1986), 222 Mont. 385, 389, 722 P.2d 1165, 1168. He relies on Heller v. Osburnsen (1973), 162 Mont. 182, 510 P.2d 13, for the proposition that a district court may properly allow a delay caused by a mixup in office procedure as long as the litigant acts in good faith and the other party has not been prejudiced. Heller, 162 Mont. at 191, 510 P.2d at 17-18.

In Heller we held that the trial court had not abused its discretion under Rule 36(a), M.R.Civ.P., by allowing an extension of time to file answers to requests for admissions. The trial court's decision to grant or deny an extension of time will not be disturbed on appeal absent manifest abuse of discretion. Garrett v. PACCAR Financial Corp. (Mont. 1990), 801 P.2d 605, 47 St.Rep. 2185. Filing a late response is not a matter of right, but lies within the trial court's discretion. Garrett, 801 P.2d at 606, 47 St.Rep. at 2186; Morast v. Auble (1974), 164 Mont. 100, 105, 519 P.2d 157, 160.

We hold that the District Court, in compliance with Rule 36(a), M.R.Civ.P., did not abuse its discretion by granting summary judgment to Cowie and denying Easton's motion for an extension of time to answer the request for admission.

Affirmed.

John Conway Harrison
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5