No. 97-161

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 63N

HOBBLE-DIAMOND CATTLE COMPANY,

Plaintiff and Appellant,

v.

TRIANGLE IRRIGATION COMPANY,

Defendant and Respondent.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and for the County of Sweet Grass,
The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jock B. West; West, Patten, Bekkedahl & Green, P.L.L.C.;
Billings, Montana

For Respondent:

Steven T. Potts; Thompson, Jacobson & Potts, P.C.;
Great Falls, Montana

Submitted on Briefs: January 22, 1998
Decided: March 24,
1998
Filed:

_____
Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2   In 1986, Hobble-Diamond Cattle Company filed a complaint in the Sixth Judicial District Court, Sweet Grass County, against Triangle Irrigation Company.  Hobble-Diamond  brought suit against Triangle seeking recovery for damages sustained as a result of alleged deficiencies in the design and installation of a sprinkler system at the Hobble-Diamond Ranch.  Triangle filed a motion for summary judgment, which the District Court granted on December 16, 1996.  On January 6, 1997, Hobble-Diamond filed a motion for reconsideration of order granting motion for summary judgment.  On March 7, 1997, the motion was deemed denied pursuant to Rule 59(g), M.R.Civ.P., when the District Court did not rule on the motion.  Hobble-Diamond now appeals from the order granting Triangle  summary judgment, as well as from the denial of its motion for reconsideration.  We affirm.

¶3   The issue on appeal is whether the District Court erred in granting Triangle's motion for summary judgment.

FACTUAL AND PROCEDURAL BACKGROUND

¶4   In 1983, Hobble-Diamond purchased an agricultural irrigation system from Triangle for its ranch located near Greycliff, Montana.  The system was installed in the winter of 1983-84.  Triangle began installing the system, which had six pivots.  However, installation of the system was ultimately completed by another company and Triangle was not involved with the system after December 5, 1983.  Sometime after installation, Hobble-Diamond claimed that there were problems with pivots 3, 4, and 6.

¶5   Hobble-Diamond filed this action against Triangle in 1986, alleging that the pivots in the irrigation system it purchased from Triangle in 1983 were defective or improperly installed.  Shortly before the scheduled trial in 1989, Hobble-Diamond sought leave to amend its complaint to add a claim based on alleged problems with another pivot, pivot 5; the District Court refused to authorize the amendment.

¶6   A bench trial in July 1989 resulted in a judgment in Triangle's favor. Hobble-Diamond appealed, raising only the issue of the court's denial of its motion for leave to amend the complaint.  We reversed, holding that the court had abused its discretion, and remanded for further proceedings. Hobble-Diamond Cattle Co. v. Triangle Irrigation Co. (1991), 249 Mont. 322, 326, 815 P.2d 1153, 1156.  Remittitur issued on September 4, 1991.

¶7   In May 1994, Triangle moved for dismissal pursuant to Rule 41(b), M.R.Civ.P., for failure to prosecute.  The District Court granted the motion and, after a motion for reconsideration by Hobble-Diamond, entered its memorandum and judgment of dismissal. Hobble-Diamond appealed, claiming that the District Court abused its discretion in dismissing its case.  We reversed, concluding that the District Court abused its discretion in granting Triangle's motion to dismiss.  Hobble-Diamond Cattle Co. v. Triangle Irrigation Co. (1995), 272 Mont. 37, 43, 899 P.2d 531, 535.  Remittitur issued on August 1, 1995.

¶8   On November 15, 1995, Hobble-Diamond filed a motion to amend the complaint with respect to pivot 5.  In its motion to amend, Hobble-Diamond made claims with respect to pivot 5 based upon breach of contract, negligence, and strict product liability.  Hobble-Diamond did not file a brief in support of the motion nor did it request a hearing on its motion.

¶9   After receiving Hobble-Diamond's motion to amend, Triangle served discovery requests upon Hobble-Diamond on November 20, 1995.  Triangle requested any documents relating to damages arising from the defective pivot 5 and identification of any witnesses with knowledge of pivot 5.  Moreover, Triangle requested an admission from Hobble-Diamond that Triangle did not "negligently or otherwise improperly design, install, or correct any equipment which caused any surging problem relating to pivot no. 5, nor did Triangle Irrigation Co. breach any contract with plaintiff."  Hobble-Diamond did not respond to these discovery requests.

¶10  Triangle filed a motion for summary judgment on November 8, 1996.  On December 16, 1996, the District Court entered an order granting Triangle's motion for summary judgment.  The court held that Triangle was entitled to summary judgment because Hobble-Diamond's claims relating to pivot 5 were barred by the statute of limitations.  Furthermore, the court ruled that, in the alternative, Triangle was also entitled to summary judgment based upon the doctrine of estoppel because Hobble-Diamond had adopted a theory of causation in a related case that was inconsistent with a theory of causation that would hold Triangle liable for the damages claimed with respect to pivot 5.

¶11  Hobble-Diamond subsequently filed a motion for reconsideration on January 6, 1997.  On March 7, 1997, the motion was deemed denied pursuant to Rule 59(g), M.R.Civ.P., when the District Court did not rule on the motion.  Hobble-Diamond filed a notice of appeal on March 7, 1997.

DISCUSSION

¶12  Did the District Court err in granting Triangle's motion for summary judgment?

¶13  On appeal, Hobble-Diamond argues that the District Court erred in granting Triangle's motion for summary judgment because there are genuine issues of material fact which preclude the granting of summary judgment for Triangle.  Hobble-Diamond also contends that the District Court erred in

concluding that the statute of limitations barred the amendment of the complaint to include claims relating to pivot 5.

¶14  At first, we note that the District Court did not grant summary judgment because Hobble-Diamond's allegations did not raise any genuine issue of material fact.  Instead, the District Court entered summary judgment against Hobble-Diamond as a matter of law based upon application of the statute of limitations and estoppel.  Our standard of review relating to conclusions of law is whether the trial judge's interpretation of the law is correct. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686; Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

¶15  Although the District Court granted summary judgment on the bases of estoppel and statute of limitations, we conclude that another ground raised by Triangle's summary judgment motion dispositively dictates that it was entitled to a judgment as a matter of law.

¶16  On November 20, 1995, Triangle served discovery requests upon Hobble-Diamond.  Discovery Request No. 6 stated:
    Please admit that defendant Triangle Irrigation Co. did not
    negligently or otherwise improperly design, install, or correct
    any equipment which caused any surging problem relating to
    pivot no. 5, nor did defendant Triangle Irrigation Co. breach any
    contract with plaintiff.
Hobble-Diamond did not respond to this request.

¶17  Triangle moved for summary judgment, arguing that it was entitled to summary judgment because Hobble-Diamond had admitted that Triangle was not liable because it did not answer Discovery Request No. 6.  Hobble-Diamond opposed summary judgment on this  ground, claiming that it never received Triangle's discovery request.  In its motion opposing summary judgment, Hobble-Diamond did not present any evidence that it had not received Triangle's discovery request.  Also, at no time during the proceedings did Hobble-Diamond attempt to serve a late denial to the request for admission.  However, the District Court did not base its summary judgment ruling on Hobble-Diamond's failure to answer requests for admissions.

¶18  Rule 36(a), M.R.Civ.P., states in relevant part
    Request for admission. A party may serve upon any other party
    a written request for the admission, for purposes of the pending
    action, only, of the truth of any matters within the scope of Rule
    26(b) set forth in the request that relate to statements or opinions
    of fact or of the application of law to fact . . . .

    Each matter of which an admission is requested shall be
    separately set forth. The matter is admitted unless, within 30
    days after service of the request, or within such shorter or longer
    time as the court may allow, the party to whom the request is

directed serves upon the party requesting the admission a
written answer or objection addressed to the matter, signed by
the party or by the party's attorney . . . .

Furthermore, Rule 36(b), M.R.Civ.P., provides in part:

Effect of admission. Any matter admitted under this rule is
conclusively established unless the court on motion permits
withdrawal or amendment of the admission.

¶19   Therefore, under Rule 36(a), any request for an admission that remains
unanswered  is admitted for all purposes.  By failing to answer Triangle's
discovery request, Hobble-Diamond admitted that Triangle did not
"improperly design, install, or correct any equipment which caused any
surging problem relating to pivot no. 5," and that Triangle did not breach any
contract with Hobble-Diamond.

¶20   This Court has previously addressed the issue of the propriety of
summary judgment
where the ground is the failure to respond to requests for admissions.
Summary judgment may be granted based on a fact deemed established by
operation of Rule 36, M.R.Civ.P.  See Easton v. Cowie (1991), 247 Mont. 181,
805 P.2d 573; Morast v. Aulbe (1974), 164 Mont. 100, 519 P.2d 157.

¶21   Although in this case the District Court did not grant summary
judgment on the basis of Rule 36, we affirm the granting of summary judgment
on that basis.  We affirm a district court's decision which is correct regardless
of the court's reasoning in reaching the decision.  Phillips v. City of Billings
(1988), 233 Mont. 249, 252, 758 P.2d 772, 774.  Thus, for the reasons stated
above, we affirm the summary judgment for Triangle on Hobble-Diamond's
claim for damages.

¶22   Affirmed.

                              /S/   JIM REGNIER

We Concur:
/S/  J. A.  TURNAGE
/S/   WILLIAM E. HUNT, SR.
/S/   W. WILLIAM LEAPHART
/S/   TERRY N. TRIEWEILER