No. 12522

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

ELDORA MORAST, LYNN LLOYD MORAST
and VICKY LORRAINE MORAST, by their
next friend, ELDORA MORAST,

        Plaintiffs and Appellants,

   -vs-

DELAINE A. AUBLE, Special Administratrix of the
Estate of George Charles Becker, Deceased,

        Defendant and Respondent.

---

Appeal from: District Court of the Seventh Judicial District,
        Honorable L. C. Gulbrandson, Judge presiding.

Counsel of Record:

    For Appellants:

        Roland V. Colgrove argued, Miles City, Montana

    For Respondent:

        Habedank, Cumming & Best, Sidney, Montana
        Jacque W. Best argued, Sidney, Montana

---

        Submitted: January 18, 1974

        Decided: FEB 2 7 1974

Filed: FEB 2 7 1974

        Thomas J. Kearney
                Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Plaintiffs Eldora Morast (wife), Lynn Lloyd Morast (son), and Vicky Lorraine Morast (daughter) brought this action to recover damages arising out of the death of Lloyd Morast. The district court of Dawson County entered summary judgment in favor of defendant Delaine A. Auble, Special Administratrix of the Estate of George Charles Becker, deceased.

On September 18, 1966, a collision occurred between a heavy truck driven by Lloyd Morast and a 1966 Buick sedan driven by George Becker, killing both men. Becker, his wife, and son were traveling east on Montana Highway 200S (formerly 20S), a two lane asphalt highway. Lloyd Morast was hauling gravel on a service road which intersects Highway 200S approximately ten miles west of Glendive, Montana. Because of trucks crossing the road, highway signs warning motorists to reduce speed had been placed on Highway 200S before the east and west entrances to the intersection with the gravel service road. The collision occurred near the center of the intersection, the front end of the truck striking broadside on the left side of the Buick.

The record shows that the insurance carrier of Lloyd Morast's employer made a full settlement with the survivors of George Becker for all claims arising out of his death and for injuries they themselves sustained.

Under Rule 36, M.R.Civ.P., defendant served on plaintiffs the following request for admissions dated May 29, 1970:

1. That the truck driven by plaintiffs' decedent, Lloyd Morast, struck the automobile driven by defendant's decedent, George C. Becker.

2. That the truck driven by plaintiffs' decedent, Lloyd Morast, did not stop before entering Highway No. 200S immediately prior to the collision described in plaintiffs' complaint.

3. That Highway 200S at the time and place of the collision was a through highway.

- 2 -

Plaintiffs filed these responses to defendant's request for admissions February 16, 1971:

1. "ANSWER: Plaintiff cannot truthfully admit or deny Request No. 1 as the operator of the truck, Lloyd Morast, was killed in the collision and plaintiff knows of no witnesses to the actual collision."

2. "ANSWER: Plaintiff cannot truthfully admit or deny Request No. 2 as the operator of the truck, Lloyd Morast, was killed in the collision and plaintiff knows of no witnesses to the actual collision."

3. "ANSWER: No."

Defendant filed a motion pursuant to Rule 36, M.R.Civ.P., to strike plaintiffs' response to the request for admissions and adjudge the facts admitted. The district court granted that motion, stating:

"The Court notes that the response filed by plaintiff was filed approximately eight and one-half months after the original requests were filed.

"The Court also notes that at the pre-trial conference in this case on January 11, 1971, defense counsel noted that no response had been filed and that this was pointed out to plaintiff's attorney.

"The record reveals that plaintiff's response was not filed until February 16, 1971."

From the order of the district court striking the response and deeming facts admitted, and from the order granting summary judgment, plaintiffs appeal assigning two issues:

(1) Whether the district court erred in granting the motion to strike the response and deem facts admitted.

(2) Whether the district court erred in granting summary judgment to defendant.

Concerning issue (1), Rule 36, M.R.Civ.P. provides:

"(a) REQUEST FOR ADMISSION. After commencement of an action a party may serve upon any other party, who has been served with process or who has appeared, a written request for the admission by the latter of the genuineness of any relevant documents described and exhibited with the request, or of the truth of any relevant matters of fact set forth in the request. Copies of the documents shall be served with the request unless copies have already been furnished. Each of the matters of which an

- 3 -

admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 20 days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part, together with a notice of hearing the objections at the earliest practicable time. If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. A denial shall fairly meet the substance of the requested admission, and when good faith requires that party deny only a part or a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder.

"(b) EFFECT OF ADMISSION. Any admission made by a party pursuant to such request is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding."

Plaintiffs contend the quoted request for admissions by defendant dealt with "central issues" and hence was improper, relying on Pickens v. Equitable Life Assurance Society of U.S., (C.A.5th 1969), 413 F.2d 1390, and other federal cases with similar holdings. The rule of Pickens, generally speaking, was that a litigant was permitted to ignore requests for admissions which concerned central issues and were in good faith deemed controverted. A 1970 amendment to Rule 36, F.R.Civ.P., clarified its provisions to preclude the application given it by Pickens. Although Rule 36, M.R.Civ.P., has not been amended since its enactment in 1961 and remains practically identical to the pre-1970 Rule 36, F.R.Civ.P., this Court has never followed the rationale of Pickens. Daniels v. Paddock, 145 Mont. 207, 399 P.2d 740; Naegeli v. Daniels, 145 Mont. 323, 400 P.2d 896.

The rationale of Pickens is criticized in 8 Wright & Miller, Federal Practice and Procedure: Civil §2256:

"It is true that prior to 1970 a majority of the [federal] cases in point held that requests about controversial or disputable facts were improper, although other cases were to the contrary, and it seems fair to say that the cases refusing to allow

these requests relied in large measure on authorities
that did not support that proposition. On principle,
however, this should not have been regarded as a valid
ground for objection. To hold that a request was ob-
jectionable if it went to disputed facts was far too
confining, since it often could not be determined, when
a request was served, whether a particular fact was in
truth disputed. Thus a party might avoid an answer,
simply because a fact was disputable, though he no in-
tention of disputing it. This was contrary to the purpose
of the rule, which was and is to eliminate from contro-
versy matters that will not be disputed."

See also: 4A Moore's Federal Practice §36.04[8], for an analogous
criticism.

Plaintiffs also contend the district court erred in refusing
to permit the late filing of their response, citing various federal
cases in which late filing was allowed under Rule 36, F.R.Civ.P.
However, in no case cited did a federal court find that a litigant
may file a late response as a matter of right. In Montana, as
under federal rules, the granting of a request for late filing of
a response under Rule 36 is a matter resting within the discretion
of the district court and will not be disturbed on appeal unless
there is a showing of manifest abuse of that discretion. Daniels v.
Paddock, supra.

In light of the fact the instant case involves an eight and
one-half month delay in filing with an intervening admonition
during pretrial conference, plus the fact that the names of an
eyewitness and an investigating highway patrolman were furnished
to plaintiffs through answers to their interrogatories, we find
no abuse of discretion by the district court in striking the
response and deeming the requested facts admitted.

Concerning issue (2)--whether the district court erred in
granting summary judgment to defendant--8 Wright & Miller, Federal
Practice and Procedure: Civil § 2264, states:

"Admissions obtained by use of Rule 36 may show
that there is no genuine issue as to any material
fact and justify the entry of summary judgment under
Rule 56."

The district court properly considered the admissions
in granting summary judgment in favor of defendant. These facts,

together with the record which includes on the scene photographs taken by the investigating highway patrolman, conclusively establish causal negligence on the part of Lloyd Morast. Section 32-2172, R.C.M. 1947; Pachek v. Norton Concrete Company, 160 Mont. 516, 499 P.2d 766. Under Montana law, plaintiffs' decedent's contributory negligence bars plaintiffs' recovery. This finding negates the materiality of any factual issue concerning defendant's decedent's negligence.

The judgment is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.