No. 81-391

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

ALL-STATES LEASING COMPANY,
A Montana Corporation,

                            Plaintiff and Respondent,

    vs.

TOP HAT LOUNGE, INC., A
Montana Corporation and
HARRY BOSKOVICH,

                            Defendants and Appellants.

---

Appeal from:  District Court of the Fourth Judicial District,
               In and for the County of Missoula
               Honorable Jack L. Green, Judge presiding.

Counsel of Record:

    For Appellants:

        Hood & Sherwood, Missoula, Montana

    For Respondent:

        Milodragovich, Dale & Dye, Missoula, Montana
        Donald S. Smith, Great Falls, Montana

---

                   Submitted on briefs: December 3, 1981

                         Decided:  FEB 25

Filed: FEB 25 1982

*Thomas J. Kearney*
                          Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a summary judgment entered by the District Court of the Fourth Judicial District, Missoula County, against Top Hat Lounge, Inc., and Harry Boskovich for $9,032.92 in delinquent lease payments.

Appellant, Top Hat Lounge, Inc. (Top Hat), and respondent All-States Leasing, Inc. (All-States), are corporations organized and existing under the laws of the State of Montana and authorized to do business here. On or about January 22, 1975, All-States and Top Hat entered into a lease agreement for an automated liquor-dispensing system. Under this agreement, Top Hat agreed to pay $134 per month for sixty months. Harry Boskovich, as an individual, guaranteed Top Hat's payments on the lease.

In a purchase order, Top Hat requested All-States to purchase the liquor-dispensing system from a third party supplier, C & C Sales. After purchasing the system from the supplier, All-States leased the system to Top Hat.

On the back of the lease agreement are twenty-three separate paragraphs stating the rights and obligations of the parties. The print of these clauses is the smallest print on the agreement. The heading for each paragraph is larger bold-face print. Under this agreement, All-States as lessor disclaimed all warranties; Top Hat as lessee waived the rights of jury trial, counterclaim and offset, and personal service.

On January 20, 1975, when the liquor-dispensing system was installed, Boskovich, as a representative of Top Hat, signed a "completion certificate" which stated that the system was in proper condition and in full compliance with

the terms and specifications of the contract.

Top Hat has not made any payments on the liquor-dispensing system since June 10, 1976. All-States eventually repossessed the system and sold it for $100.

On May 3, 1979, All-States began this action against Top Hat and Boskovich for payments owed to it under the lease agreement. All-States sent Top Hat and Boskovich a request for admissions on September 5, 1979. Neither Top Hat nor Boskovich made an attempt to answer this request for admissions until December 1, 1980.

On December 15, 1980, a hearing was held on All-States' motion for summary judgment. After concluding that under Rule 36, M.R.Civ.P., the facts in the request for admissions must be deemed true, the District Court granted All-States' motion for summary judgment.

The following facts were deemed true by the District Court:

1. Harry Boskovich, as an individual, guaranteed Top Hat's obligations to respondent.

2. The supplier of the equipment, C & C Sales, acted as the appellants' agent in proposing the leasing transaction to respondent.

3. Appellants selected both the equipment and the supplier of the equipment.

4. Respondent ordered the equipment at the request of the appellants.

5. Pursuant to paragraph two on page one of the lease agreement, appellants agreed that no oral agreement, guarantee, promise, condition, representation or warranty shall be binding.

6. Pursuant to paragraph four of the lease agreement, respondent disclaimed express or implied warranties of merchantability, fitness, quality, design, condition, capacity, fitness for any particular purpose, and suitability of performance of the equipment or the material or workmanship thereof and leased the equipment "as is."

7. Appellants, pursuant to paragraph four of the lease agreement, agreed that the respondent was not to be obligated to install, erect, test, adjust, service or repair the equipment and that any installation or erection of the equipment or property leased was to be at the sole discretion and under the control of the appellants.

8. Pursuant to paragraph five of the lease agreement, the respondent granted and assigned to the appellants the right to enforce all warranties, agreements representations, if any, made by the supplier to the respondent.

9. Pursuant to paragraph five of the lease agreement, appellants agreed that no defect or unfitness of the equipment would relieve the obligation to pay rent or any other obligations due under the terms of the lease agreement.

10. Pursuant to paragraph six of the lease agreement, appellants agreed to inspect the property within forty-eight hours of their receipt thereof, and unless within such period gave notice to the respondent specifying any defects in the property received, the property would conclusively be deemed accepted by the appellants.

The District Court concluded as a matter of law that while the lease agreement had an unconscionable provision providing for waiver of jury trial and counterclaims, the

agreement was not unconscionable without this provision. The District Court therefore held that the agreement was entitled to full enforcement once the unconscionable provisions were stricken.

Appellants raise only two issues for review: (1) whether the summary judgment was improper since genuine issues of material fact are still present in the record; and (2) whether the lease agreement is unconscionable.

Under Rule 56(c), M.R.Civ.P., summary judgment is proper only if the record discloses no genuine issues of material fact. The initial burden is on the party moving for summary judgment to show that no genuine issues of material fact exist. Once the moving party has met its burden, the party opposing the motion must come forward with substantial evidence raising a genuine issue of material fact. Rumph v. Dale Edwards, Inc. (1979), ___ Mont. ___, 600 P.2d 163, 36 St.Rep. 1022; Harland v. Anderson (1976), 169 Mont. 447, 548 P.2d 613.

Here, all issues of material fact were resolved by the facts deemed admitted as true by the District Court. Appellants have, at no time, argued that the District Court erred by deeming such facts as true. Instead of making this argument, appellants claim that two questions of material fact still exist: (1) whether Top Hat effectively waived any warranties; and (2) whether Boskovich signed the completion certificate as part of an obligation under the lease agreement.

In Finding of Fact No. 12, the District Court found that under the lease agreement All-States had disclaimed all express or implied warranties. This finding is supported by

a fact deemed as true by the District Court. In its request for admissions, All-States had requested appellants to admit All-States had disclaimed all warranties. Because appellants failed to answer this request for admissions in a timely manner, the District Court deemed it admitted under Rule 36(a), M.R.Civ.P.

Under Rule 36(a), M.R.Civ.P., a matter is deemed admitted if the request for admissions is not answered within thirty days after service of the request. In Morast v. Auble (1974), 164 Mont. 100, 519 P.2d 157, the central and controlling factual issues of the case were deemed admitted for failure to make a timely reply under Rule 36(a). Moreover, in Morast we also stated that "admissions obtained by the use of Rule 36 may show that there is no genuine issue as to any material fact and justify the entry of a summary judgment under Rule 56." Morast, 519 P.2d at 160, quoting 8 Wright & Miller, Federal Practice and Procedure: Civil §2264. See also, State of North Dakota v. Newberger (1980), ___ Mont. ___, 613 P.2d 1002, 37 St.Rep. 1119.

Appellants cannot now argue that the disclaimer of warranties is still in issue when it was resolved under the facts deemed admitted. Since the signing of the completion certificate goes to the issue of waiver of warranties, it also is resolved by the admitted facts, or at least, in light of the facts admitted, cannot be considered material.

Appellants have come forward with no evidence, by affidavit or otherwise, to raise an issue of material fact. We must therefore agree with the District Court that a summary judgment was proper.

Appellants cite no authority for their contention

that the lease is unconscionable. They merely claim that a more oppressive lease is hard to imagine. Such an argument, unsupported by any authority, must fail.

Appellants cite only section 30-2-302, MCA, which is modeled after the same provision in the Uniform Commercial Code (UCC), to support their argument that the lease is unconscionable. Section 30-2-302, MCA, provides:

> "(1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."

We agree with appellants that this statute should guide this Court in determining unconscionability. While Article 2 of the UCC applies directly to sales, we agree with the majority of courts that Article 2 can, at least by analogy, be applied to lease transactions. See, e.g., All-States Leasing Company v. Bass (1975), 96 Idaho 873, 538 P.2d 1177.

In the official comment to section 2-302 of the UCC, a basic test for unconscionability is suggested:

> ". . . whether, in light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract . . . The principle is one of the prevention of oppression and unfair surprise."

Here, under the facts deemed admitted, appellants selected both the equipment and the supplier of the equipment and notified respondent of their desire to make this transaction. The admitted facts suggest neither oppression nor unfair surprise.

Although courts have readily applied the doctrine of unconscionability to contracts between consumers and skilled businessmen, they are reluctant to rewrite the terms of a contract between businessmen themselves. Compare, Walter E. Heller & Company, Inc. v. Convalescent Home of the First Church of Deliverance (1977), 49 Ill.App.3d 213, 8 Ill.Dec. 823, 365 N.E.2d 1285, with Williams v. Walker-Thomas Furniture Co. (D.C. Cir. 1965), 350 F.2d 445. When, as here, all provisions were agreed to by businessmen, none of the surrounding circumstances suggest oppression of appellants' freedom to select another lessor, and nothing on the record suggests disparity of bargaining power, the lease cannot be considered unconscionable.

The District Court's summary judgment is affirmed.

_____
                Justice

We concur:

_____
        Chief Justice

_____

_____

_____
            Justices

-8-