No. 86-39

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

HOLMES & TURNER, a Montana
partnership,

        Plaintiff and Respondent,

   -vs-

STEER-IN, a Montana corporation,

        Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Robert Boyd, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Philip P. McGimpsey, Billings, Montana
        Pierre L. Bacheller, Billings, Montana

    For Respondent:

        Kirwan & Barrett; Stephen M. Barrett, Bozeman,
        Montana

Submitted on Briefs: May 30, 1986

Decided: July 17, 1986

Filed: JUL 1 1986

_____
Ethel M. Harrison
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Respondent, Holmes & Turner, filed suit in the District Court of the Eighteenth Judicial District, Gallatin County, to collect from appellant, Steer-In, for services rendered. This is an appeal from an order granting summary judgment in favor of respondent issued after appellant failed to answer appellant's requests for admission.

Steer-In seeks to have this Court relieve it of the effect of Rule 36, M.R.Civ.P., which deems matters in requests for admission that are not responded to as admitted and conclusively established. Steer-In argues that it had already denied the matter in question in its answer to the complaint so that it should not be required to deny the matter again.

We affirm.

Steer-In is a Montana corporation which operates a restaurant and lounge near Three Forks, Montana. Holmes & Turner is a Bozeman accounting firm. Steer-In hired Holmes & Turner for services in 1980 and 1981. Steer-In did not pay Holmes & Turner for the services.

On January 19, 1982, Holmes & Turner filed suit against Steer-In to collect $6,335 for the accounting services. The sole factual allegation in the complaint is as follows:

> Defendants, and each of them, owe plaintiff SIX THOUSAND THREE HUNDRED THIRTY-FIVE DOLLARS ($6,335.00) for accounting services rendered by plaintiff to defendants, and each of them, between July 15, 1980, and January 5, 1981, with interest at the rate of eighteen percent (18%) per annum.

Steer-In denied this allegation and presented the affirmative defense of failure of consideration in its answer to the complaint. The answer also raised three counterclaims

2

alleging that Holmes & Turner negligently designed, implemented and maintained the Steer-In's accounting system. Steer-In requested $210,000 in compensatory damages and $500,000 in punitive damages. On April 16, 1984, the new owner of Steer-in signed a stipulation of dismissal of the counterclaims, and a court order dismissing the counterclaims with prejudice was issued on February 26, 1985.

Discovery lasted for an extended period. Finally, on February 6, 1985, the parties stipulated to a termination of interrogatories by which interrogatories prior to that date could go unanswered without penalty. Then, on February 7, 1985, Holmes & Turner made a request for admission as follows:

> Admit that the Defendant Steer-In owes Plaintiff the sum of $6,335 plus interest at the rate of 18% per annum for accounting services rendered by Plaintiff to Defendant between July 15, 1980 and January 5, 1981.

Holmes & Turner also made another request contingent on Steer-In's denial of the admission. That request was as follows:

> If the answer to the preceding request for admission was negative please state the basis for the denial, what elements of the request for admission are specifically denied, what fees are owed from the Defendant to the Plaintiff for accounting services, and what basis exists in the form of affirmative defenses, offenses, or other charges that are alleged to reduce the accounting services set forth in the preceding interrogatory.

No further requests were made.

On May 16, 1985, Holmes & Turner's counsel wrote to counsel for Steer-In requesting a response to the request for admission and warning that a motion for summary judgment would follow if Steer-In did not respond. Steer-In did not

3

respond. On July 19, 1985, Holmes & Turner moved for summary judgment. On October 29, 1985, the District Court issued an order that deemed Holmes and Turner's request for admission as admitted by Steer-In's failure to respond. With the matter in the admission deemed admitted, no issue of fact remained, so the order also granted summary judgment. Steer-In appeals.

Steer-In's main argument has to do with the fact that Holmes and Turner's request for admission matches the sole factual allegation in its complaint. Steer-In argues that since it already denied that allegation in its answer to the complaint, it should not be required to answer the same allegation in the request for admission. It would be, Steer-In argues, an exaltation of procedure over substance to order summary judgment where the pleadings clearly show an issue of fact. Steer-In's brief also emphasizes the unnecessary increased burden and cost to clients created by procedural rules which require redundant pleadings.

Rule 36, M.R.Civ.P., and precedent are such that summary judgment was appropriate. Rule 36(a) provides that a request for admission is deemed admitted unless answered or objected to within thirty days after service of the request. Rule 36(a), M.R.Civ.P., provides in part:

> . . . The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting admission a written answer or objection addressed to the matter, . . .

Then, Rule 36(b), M.R.Civ.P., provides in pertinent part:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . .

4

Thus, by Rule 36(a), Steer-In had thirty days after it was served with Holmes & Turner's request to answer or object to the request before the request was deemed admitted. After thirty days, Steer-In had the option of moving to withdraw or amend the admission under Rule 36(b).

Over eight months passed between the time Steer-In was served with the request and when the court deemed the request admitted. In this period, Steer-In did not even attempt to exercise any of its options under Rule 36. The court therefore followed the mandate in Rule 36 and deemed the request admitted. Once the request was admitted, there could no longer be any issues of fact, and the court ordered summary judgment pursuant to Rule 56, M.R.Civ.P.

We have previously addressed the issue of the propriety of summary judgment where the basis is a failure to respond to requests for admissions. See Morast v. Auble (1974), 164 Mont. 100, 519 P.2d 157. In Morast, 519 P.2d at 160 we followed 8 Wright & Miller, Federal Practice and Procedure: Civil § 2264, which states:

> Admissions obtained by use of Rule 36 may show that there is no genuine issue as to any material fact and justify the entry of summary judgment under Rule 56.

This rule states precisely what happened in the case at bar. As in Morast, we will follow that rule here. We hold that the District Court properly issued summary judgment based on a fact deemed established by the operation of Rule 36, M.R.Civ.P. We will further comment that the very purpose of Rule 36 is to lessen the time of trial and ultimately to set the stage for summary judgment.

Steer-In argues that it should not be required to respond to the request because its answer to the complaint contains a denial of an identical allegation. We disagree.

Holmes & Turner made its request for admission on February 7, 1985. Steer-In's answer to the complaint is dated March 24, 1983. In this period of nearly two years, Steer-In acquired a new owner and all three of its counter-claims were dismissed with prejudice. Under these circumstances, Holmes & Turner could suspect that Steer-In had changed its position on the factual allegation or the theory of its defense. A Rule 36, M.R.Civ.P., request for admission was the ideal and proper way for Holmes & Turner to determine if Steer-In was holding to its original position. Steer-In could have easily handled the matter by reaffirming its prior positions.

We do not believe Holmes & Turner was playing a "procedural chess game" with Steer-In as Steer-In alleges. Moreover, if Steer-In thought Holmes & Turner was "playing games" with its request, it could have objected to the request. If the prior answer did in fact answer the request for admission, the objection would have satisifed Steer-In's responsibility under Rule 36. Instead, Steer-In made no response at all.

Whether or not Steer-In agrees with the effect of Rule 36, it is bound by it. Steer-In calls the effect of Rule 36 in this case an "exaltation of procedure over substance." We think that it is Steer-In that did the "exalting" by ignoring the rule. If Steer-In had responded as required by Rule 36, the substance of the case could have been preserved.

Steer-In complains about the cost and burden of redundant pleadings. We can see little cost or burden to Steer-In

in responding to Holmes & Turner's request. Steer-In could have simply referred Holmes & Turner to the denial and affirmative defense in the original answer, or as stated earlier, it could have objected to the request as redundant. This minor burden is insufficient reason for us to undermine the operation and purpose of Rule 36.

The District Court's order granting summary judgment is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices