No.  90-590

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

THEORA A. WRIGHT, Successor
Trustee of the John Wight
Irrevocable Trust,

    Plaintiff and Respondent,

  v.

FRED GONZALES, a/k/a FREDERICO
GONZALEZ CRUZ, a/k/a FEDERICO CRUZ
GONZALES, a/k/a FRED C. GONZALES,
a/k/a FREDERICO C. GONZALES; et al.,

    Defendants and Appellant.

FILED

AUG 1 2 1991

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Ninth Judicial District,
                  In and for the County of Toole,
                  The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Federico Cruz Gonzalez, pro se;
                Laguna Hills, California

        For Respondent:

                Donald R. Herndon, Herndon, Hartman,
                Sweeney & Halverson; Billings, Montana

                      Submitted on Briefs:  July 16, 1991

                              Decided:  August 12, 1991

Filed:

                            Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff, Theora Wight, is a successor in interest to the original plaintiff in this suit, her deceased husband John Wight. Plaintiff commenced this quiet title action concerning real and personal property located in Shelby, Montana. Defendant, Fred C. Gonzalez, and plaintiff both claimed a property interest in an unused oil refinery. The District Court for the Ninth Judicial District, Toole County, granted plaintiff's motion for summary judgment. The District Court concluded that the plaintiff was the sole owner of the property in question, and awarded the plaintiff costs and fees totaling $2,116.06. From this judgment, the defendant appeals. We affirm.

The sole issue for review is whether the District Court granted summary judgment against the defendant without an opportunity for the defendant to be heard.

The following facts were deemed admitted and true because defendant failed to make a timely reply to plaintiff's request for admissions submitted pursuant to Rule 36, M.R.Civ.P. *All State Leasing v. Top Hat Lounge* (1982), 198 Mont. 1, 649 P.2d 1250.

On August 21, 1980, the parties entered into a written agreement for the renovation, operation, lease, and sale of an oil refinery in Shelby, Montana. The defendant was to lease the real property from the plaintiff for 120 months. At the conclusion of the lease, title would pass to the defendant. Similarly, the

defendant was to purchase the personal property from the plaintiff and make the refinery operational.

However, the agreement was conditioned upon the defendant depositing $350,000 in a bank account. The Land Lease Agreement provided:

> 3.1 It is a condition of this Agreement that the Purchaser deposit $350,000.00 to a bank or savings account in the State Bank of Shelby, Shelby, Montana, to be used for the rehabilitation of the refinery, within twenty days of the execution of the Agreement. <u>If the money is not deposited, this Agreement would be null and void</u>. (Emphasis added.)

The defendant did not deposit the required $350,000 in the State Bank of Shelby. Nor did the defendant make any lease payments, improvements, or comply with the provisions of the Land Lease Agreement.

On October 1, 1980, plaintiff tendered a Bill of Sale to the defendant. This was to be effective only upon the deposit of the $350,000, and no consideration was ever paid. Nevertheless, without plaintiff's permission or consent, defendant recorded the Bill of Sale with the Toole County Clerk and Recorder.

On or about January 9, 1981, defendant quitclaimed the property in question to Grand American Bank Trust. On March 13, 1981, Grand American executed a Grant Deed concerning the same property to Minerals Mining Corporation.

Plaintiff filed a complaint on June 24, 1985, claiming title to the personal property and improvements--including buildings, tanks, and equipment on the real property. Defendant answered and

counterclaimed, claiming ownership of the property in question. Plaintiff's complaint was later amended, pursuant to Rule 15(a), M.R.Civ.P., to quiet title to the real property. Defendant answered the amended complaint.

On February 22, 1990, plaintiff served her first combined interrogatories, request for production and requests for admission on defendant. Defendant failed to answer.

On September 24, 1990, pursuant to Rule 56, M.R.Civ.P., plaintiff filed a motion for summary judgment. A hearing was scheduled for October 16, 1990. Plaintiff mailed notice of this hearing to the defendant. Defendant received this notice on October 1, 1990, as evidenced by Return Receipt of Mail.

At the hearing, defendant did not appear in person or through counsel. However, defendant did file a pro se brief opposing the motion. Defendant's response was not accompanied by affidavits nor controverting evidence in any admissible form. The District Court, on October 23, 1990, granted plaintiff's motion for summary judgment. The District Court concluded that plaintiff was the sole owner of all the property in question, and that the defendant had no right, title, or interest in the property.

Defendant was provided adequate notice and opportunity to oppose plaintiff's motion for summary judgment. The notice requirement for a motion for summary judgment is established by Rule 56(c), M.R.Civ.P. The rule states that "[t]he motion shall be served at least 10 days before the time fixed for the hearing."

4

Here, plaintiff mailed notice of the October 16, 1990, hearing on September 24, 1990. Defendant received actual notice of the hearing on October 1, 1990, _fifteen_ days before the scheduled hearing. Defendant requested no extension of time within which to respond. Under the provisions established by Rule 56(c), defendant was provided with an adequate opportunity to be heard but did not avail himself of that opportunity.

Accordingly, the order of the District Court granting plaintiff's motion for summary judgment is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5