No. 01-851

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 192N

GENE L. WILLISON,

        Plaintiff and Appellant,

   v.

MARTIN CAHOON, SR.,

        Defendant and Respondent.


APPEAL FROM:    District Court of the Fourth Judicial District,
                      In and for the County of Missoula,
                      The Honorable John W. Larson, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Gene L. Willison (pro se), Townsend, Montana

        For Respondent:

            Dean A. Stensland, Cynthia K. Thiel, Boone, Karlberg, P.C., Missoula,
            Montana


                            Submitted on Briefs:  May 16, 2002

                                  Decided:    August 29, 2002

Filed:

                _____
                               Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Plaintiff, Gene L. Willison, brought this action in the District Court for the Fourth Judicial District in Missoula County to recover damages from the Defendant, Martin Cahoon, Sr., based on an alleged breach of contract. The District Court concluded that Willison's complaint was barred by the statute of limitations and granted summary judgment to Cahoon. Willison appeals the District Court's order granting summary judgment. We affirm the judgment of the District Court.

¶3 The sole issue on appeal is whether the District Court erred when it concluded that Willison's claim was barred by the statute of limitations.

FACTUAL AND PROCEDURAL BACKGROUND

¶4 Unfortunately, the facts in this case, from Plaintiff Gene Willison's perspective, are not clearly ascertainable. Despite having ample opportunity, Willison opted not to present any factual evidence at either the summary judgment hearing or by affidavit. In addition, Willison failed to present a clear and concise recitation of the facts in his two-page pro se brief submitted on

2

appeal. In contrast, Defendant, Martin Cahoon, Sr., provided a factual background supported by hearing testimony, by affidavit, and by Willison's deemed admissions. Therefore, the following factual background is based primarily on Cahoon's recitation of the facts.

¶5 Martin Cahoon, Sr., was the owner of Rovero's, a hardware and fuel distributor business located in Seeley Lake, Montana. In September of 1993, Cahoon opened a charge account for Gene Willison to enable him to purchase fuel for his excavation business. In approximately October or November of 1994, the Plum Creek Timber Company informed Willison that he would no longer be able to store his excavation equipment on its property. Shortly thereafter, Willison sought permission from Cahoon to store his fuel truck and excavator on Cahoon's property. Cahoon agreed with the understanding that his storage of Willison's property was in consideration for his ability to use Willison's excavator for an upcoming renovation project. There was no written agreement between the parties. Cahoon's renovation project, the construction of a convenience store/gas station, began in November of 1994.

¶6 Cahoon used Willison's excavator for four days in March of 1995 to dig holes for the installation of fuel tanks. Sometime before April 11, 1995, the date Cahoon suffered a heart attack, Cahoon had completed his use of Willison's excavator and Willison had retrieved all of his equipment from Cahoon's property. All construction work on the convenience store/gas station, including the excavation work, was completed before the store opened on May

3

10, 1995. Cahoon subsequently sold the convenience store/gas station on July 31, 1995.

¶7 On November 21, 2000, Willison, acting pro se, filed a complaint in the District Court for the Fourth Judicial District in Missoula County, where he alleged that he was owed $15,000 "for the unloading of (6) six 10,000 gallon fuel tanks, execavation [sic], and placing of (6) six 10,000 gallon tanks, placing of bedding material, and back filling the same, and excavation for canopy stands." Based on Willison's brief, it appears that Willison also claims that Cahoon owes him money for use of his excavator. The precise nature of Willison's claim is difficult to determine.

¶8 Cahoon denied Willison's allegations and filed a counterclaim. On May 2, 2001, following limited discovery, Cahoon filed a motion for summary judgment, and asserted that Willison's claim for damages was barred by the statute of limitations applicable to oral contracts. Following a hearing, the District Court issued an order granting Cahoon's motion for summary judgment. Cahoon voluntarily withdrew his counterclaim, and the District Court entered final judgment for Cahoon on October 15, 2001. On October 21, 2001, Willison appealed the judgment of the District Court.

STANDARD OF REVIEW

¶9 This Court's standard of review in appeals from summary judgment is *de novo*. *Motarie v. Northern Montana Joint Refuse Disposal Dist.* (1995), 274 Mont. 239, 242, 907 P.2d 154, 156. We apply the same Rule 56, M.R.Civ.P., criteria applied by the district court. *Bruner v. Yellowstone County* (1995), 272 Mont.

4

261, 264, 900 P.2d 901, 903. Rule 56(c), M.R.Civ.P., provides that:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

¶10 The party moving for summary judgment has the initial burden of establishing the absence of genuine issues of material fact. *Bruner*, 272 Mont. at 264, 900 P.2d at 903. If that burden is met, the burden shifts to the nonmoving party to raise a genuine issue of material fact by more than mere denial or speculation. *Bruner*, 272 Mont. at 264, 900 P.2d at 903. Once a court determines that no genuine factual issues exist, it then must determine whether the moving party is entitled to judgment as a matter of law. *Bruner*, 272 Mont. at 264-65, 900 P.2d at 903. This Court reviews the legal determinations made by a district court to determine if they are correct. *Bruner*, 272 Mont. at 265, 900 P.2d at 903.

## DISCUSSION

¶11 Did the District Court err when it concluded that Willison's claim was barred by the statute of limitations?

¶12 Willison contends that Cahoon should not be entitled to "hide behind" the statute of limitations applicable to oral contracts because, originally, Cahoon dishonestly denied that he owed Willison money or used his equipment. According to Willison, Cahoon now admits through court documents that he began a renovation project, used Willison's excavator, completed his use of Willison's excavator before April 11, 1995, and expended labor and materials to repair and service Willison's excavator. Because Cahoon now admits to what he previously denied, Willison contends that Cahoon should not be able to rely on the statute of limitations as a defense.

5

¶13  Cahoon, on the other hand, contends that his storage, use, and maintenance of Willison's excavator occurred in the early spring of 1995, sometime prior to April 11, 1995.  Because Willison failed to file his complaint until November 21, 2000, Cahoon asserts that Willison's claim is barred by the five-year statute of limitations applicable to oral contracts set forth in § 27-2-202(2), MCA.  With no genuine issues of material fact, Cahoon contends that he was entitled to summary judgment as a matter of law.  The District Court agreed.

¶14  We should begin by clarifying that there was no evidence in the record of a written contract between Willison and Cahoon. However, in Willison's answer to Cahoon's counterclaim, Willison describes what can only be interpreted as an oral contract. Therefore, we will proceed on that basis.

¶15  The time within which a claim for a breach of an oral contract must be brought is set forth in Section 27-2-202(2), MCA, which provides, "The period prescribed for the commencement of an action upon a contract, account, or promise not founded on an instrument in writing is within 5 years."  We have stated in the past that a statute of limitation is a procedural device that operates as a defense to limit the remedy available from an existing cause of action, motivated "by considerations of fairness to defendants," and is "intended to encourage prompt resolution of disputes by providing a simple procedural mechanism to dispose of stale claims."  *Joyce v. Garnaas*, 1999 MT 170, ¶ 14, 295 MT 198, ¶ 14, 983 P.2d 369, ¶ 14 (*quoting First United Methodist Church of*

6

*Hyattsville v. United States Gypsum Co.* (4th Cir. 1989), 882 F.2d 862, 866, cert. denied (1990), 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020).

¶16 Here, Cahoon had the initial burden of showing that there was no genuine issue of material fact. Cahoon established, through his affidavit and through testimony at the summary judgment hearing, that he began a renovation project on his property in November of 1994, and used Willison's excavator in March of 1995. Cahoon also established that before April 11, 1995, he had completed his use of Willison's excavator and Willison had already retrieved his equipment from Cahoon's lot. Therefore, Cahoon demonstrated that the events which formed the basis of Willison's complaint took place more than five years before Willison filed his complaint on November 21, 2000.

¶17 Because Cahoon met his burden, the burden then shifted to Willison to raise a genuine issue of material fact. Willison failed to present any evidence whatsoever that raised a genuine issue of material fact with regard to the factual timeline of relevant events. Willison presented no evidence at the summary judgment hearing and presented no affidavits to dispute Cahoon's assertions. In fact, Willison failed to respond to a request for admission made by Cahoon which went directly to the statute of limitations question. Cahoon's Request for Admission No. 1 stated:

> In your Complaint you allege that Cahoon owes you a debt "in the sum of $15,000.00 (Fifteen Thousand Dollars and no cents), due and owed for the unloading of (6) six 10,000 gallon tanks, excavation, and placing (6) six 10,000 gallon tanks, placing of bedding materials, and back filling the same, the excavation for canopy stands."

7

> With respect to said allegation, please admit that the above-referenced actions allegedly taken by Cahoon occurred before November 21, 1995.

¶18 Failure to respond or object to a request for admission within thirty days results in an admission. Rule 36(a), M.R.Civ.P. Admissions based on a party's failure to respond may be used as a basis for granting summary judgment. *Holmes & Turner v. Steer-In* (1986), 222 Mont. 282, 285, 721 P.2d 1276, 1278. Therefore, it is undisputed that the events which led to the allegations in Willison's complaint had completely transpired before November 21, 1995.

¶19 Willison's contention that the statute of limitations should not be applied based on reasons of fairness is meritless. Willison had firsthand knowledge of the facts and circumstances which gave rise to his claim, yet simply failed to act on his claim. Therefore, we conclude that because there was no genuine issue of material fact and Willison's claim was barred by the five-year statute of limitations for enforcing oral contracts, the District Court did not err when it granted summary judgment to Cahoon.

¶20 Accordingly, we affirm the judgment of the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ JIM RICE