In the Matter of MARION B. PORTER.

No. 11731.
Dec. 7, 1970.
478 P.2d 866.

ORDER

PER CURIAM:

On August 19, 1969, the Commission on Practice of this Court filed a complaint charging Marion B. Porter in the first count with collecting fees in excess of the fee allowed by the Industrial Accident Board and in the second count with collecting fees in excess of the fees allowed by the Secretary of Health, Education and Welfare of the United States. The claimants being represented in these matters by Marion B. Porter were members of the same family.

Citation was issued and served upon Porter; he was thereafter at all times represented by counsel; hearings were had at which evidence was produced before the Commission on Practice and on May 11, 1970 the Commission made its report, findings and recommendations to this Court.

Porter filed exceptions to the report, findings and recommendations of the Commission, together with a supporting brief; the Commission filed an answer brief. The thrust of Porter's exceptions was that in his view the Commission acts as judge and jury and that it is unfair for the Com-

mission to secure counsel to present the results of its investigation and then for the Commission to sit in judgment on its merit.

This same argument was made to this Court some years back before the establishment of the Commission on Practice. Counsel then contended that it was not fair for this Court to appoint a prosecutor to investigate, report his findings and recommend a course of action. To meet this contention this Court created the Commission on Practice and the duty of investigation and prosecution of charges lodged against attorneys was vested in the Commission and it was authorized to make recommendations to the Court when its investigations were completed. The complete record of all pleadings, briefs, transcripts of hearings and exhibits are transmitted to this Court, together with the report, findings and recommendation of the Commission. The rules provide that exceptions may be filed by the attorney and briefs may be filed, such as was done in this instance, and then the matter is submitted to this Court for decision. As the rule in Sec. IX, paragraph 2(e) provides: "Thereafter the matter shall stand submitted and shall be promptly determined by the Court by an order dismissing the complaint or imposing discipline."

The exceptions filed by Porter herein are overruled and denied.

No purpose would be served in setting forth a complete fact statement, but in brief it appears that Porter in 1963 and thereafter represented certain clients before the Industrial Accident Board and that Board ordered that $250.00 be allowed as attorney's fees to be paid by the claimant to Porter. Thereafter Porter petitioned the Board to allow him a percentage of the total amount of benefits awarded the claimant. This petition was denied, the Board stating the fee sought was unreasonable and that the fee previously allowed was adequate. Porter petitioned for reconsideration and that was denied. Porter filed a notice of appeal and some five months

later presented his client with a bill for legal services in the sum of $3,986.25 and within a short time collected $1,277.80 from his client in partial payment of the bill. Some months later he dismissed his appeal.

Porter admitted these facts but defended his actions on the ground the Industrial Accident Board had no power to fix attorney's fees and its order was void. However, section 92-827, R.C.M.1947, as amended, grants this power to the Board.

As to the Social Security matter Porter was successful in representing his clients and he had a fee agreement that he would receive one-third of all Social Security benefits. Under the provisions of 42 U.S.C., sections 406 and 407 and the regulations thereunder, such a fee agreement is void unless approved by the Secretary of Health, Education and Welfare. Porter nevertheless collected $2,039.00 in fees from his clients and contended before the Commission that the statute did not apply because he was representing the clients in a judicial proceeding. Porter petitioned the federal district court for an order awarding him attorney's fees but later withdrew the petition. That court remanded the question of attorney's fees to the Secretary of Health, Education and Welfare and the Secretary fixed the fee at $1,100.00. Petitioner requested reconsideration and it was denied and no appeal taken.

In 1968 a civil action was filed in the district court of Yellowstone County by the claimant-clients against Porter, seeking to recover the over-payments of attorney's fees, and on November 20, 1968, a summary judgment was entered in their favor and against Porter. No appeal was taken from this judgment.

There exists no dispute as to the facts, they are admitted by Porter and they disclose a violation of the attorney-client relationship and the standards of honesty required therein as set forth in the Canons of Professional Ethics. Canon 13 provides that contingent fees should always be subject to the

supervision of a court as to reasonableness. In this cause Porter sought to have an adjudication of his fees but either abandoned his petition or refused to be bound by the fees set by the appropriate authority. Such conduct cannot be condoned.

The Court adopts the recommendation of the Commission on Practice that Marion B. Porter be disciplined by public censure.

It is therefore ordered that you, Marion B. Porter, be and you are hereby, publicly censured and reprimanded for your conduct as set forth herein.