# IN THE MATTER OF CHARLES A. GRAVELEY, An Attorney and Counselor at Law, Respondent.

No. 89-247.
September 6, 1990.
246 Mont. 58.
805 P.2d 1263.

* * * * *

## ORDER

On the 11th day of May, 1989, the Commission on Practice of the State of Montana caused to be filed in this Court a complaint against Charles A. Graveley, an attorney authorized to practice law in this state. The complaint is in two counts, the first count alleging acts of improper conduct in representing his client, Philip Johnson, by making a false statement of material fact to a third person, failure to deliver funds to a third person who had an interest in them and acquiring a security interest in property adverse to his client's interest; and the second count alleging improper representation of his client, Penny Plymale, by failing to appear on her behalf in a timely manner in an Oregon action, failing to keep her informed of the status of the case and failing to inform her of the adverse order entered by the Oregon court.

A formal hearing was held before the Commission on October 19, 1989, in Helena, Montana. On January 26, 1990, the Commission on Practice filed herein its findings, conclusions and recommendations, to the effect that Charles A. Graveley be publicly censured before the Supreme Court of the State of Montana and pay the costs of the proceedings against him.

In accordance with the Rules for Lawyer Disciplinary Enforcement adopted by this Court in cause No. 10910 on August 24, 1983, respondent Graveley filed his objections and recommendation to the Commission's findings and recommendations. Special counsel for the Commission has filed his response and the matter is ripe for decision. This Court being advised and good cause appearing, now finds and determines as follows:

In the fall of 1985, Charles A. Graveley commenced representing Philip Johnson in a real estate transaction wherein Johnson was the buyer. James Slosson, a real estate agent had purchased a home in Anaconda, Montana, from an estate and sold it to Johnson under a real estate Sell and Purchase Agreement dated July 22, 1985. A Contract for Deed was to be drawn after the estate was closed and the property distributed to Slosson. Johnson took possession of the premises pending closing and obtained fire and extended insurance coverage on the property through First American Insurance Agency on August 21, 1985. On or about December 12, 1985, Johnson executed a Mortgage on the property in favor of Graveley as security for funds owed to him from previous representation. On January 21, 1986, a fire substantially destroyed the premises belonging to the estate. The estate had not been closed and no Contract for Deed had been entered into with Johnson.

On February 5, 1986, Granite Realty owned by Slosson, was added as an additional insured. On February 11, 1986, the estate was closed and the property was transferred to Granite Realty. On May 30, 1986, the insurance company issued their final draft in the amount of $22,912.78 payable to Johnson, Granite Realty and Graveley. Johnson presented the check to Slosson for endorsement but Slosson refused to sign until he got a guarantee for full payment for the house. On June 6, 1986, Slosson and his attorney called Graveley concerning the insurance proceeds. Graveley informed both Slosson and his attorney on the speaker-phone that the purchase price would be paid in full if Slosson would endorse the check on behalf of Granite Realty. Slosson endorsed the check and it was deposited in Graveley's trust account.

Johnson objected to the payment to Slosson and Graveley and wanted the insurance proceeds himself. On April 22, 1987, Graveley sent a partial payment of $1,500 to Slosson and informed him that the remaining amount would be made in the near future from a personal injury settlement of Johnson.

On July 13, 1988, Graveley made a final payment from his trust account to Slosson in the amount of $3,543.66. This payment was made two years and one month after the insurance proceeds were deposited in Graveley's trust account. This payment was only made after a complaint with the Commission on Practice had been filed by Slosson on February 22, 1988. It should be noted that Graveley never received compensation from Johnson for handling the fire loss matter.

There is clear and convincing evidence that attorney Graveley violated Rules 1.15 and 4.1 of the Rules of Professional Conduct when he made a material representation to Slosson and his attorney that if Slosson endorsed the insurance draft, Slosson would be paid in full.

The second count of the complaint arose over Graveley's representation of Penny Plymale. Plymale was divorced and shared joint custody of her two children with her ex-husband who was required to pay child support. On May 12, 1987, Plymale was served with an Order to Show Cause filed by her ex-husband seeking sole custody of one child and eliminating child support. The same day Plymale went to Graveley who stated he would file an appropriate motion. Plymale signed the papers on May 19, 1987, but Graveley's office did not send them out until May 22, 1987. The Order to Show Cause had a ten-day return date. On May 26, 1987, the Oregon court modified the Decree as requested by Plymale's ex-husband noting no response had been received.

Plymale called Graveley on about July 15, 1987, and was told the Order should not have been entered and it was a mistake. Graveley continued to represent Plymale until May of 1988. On July 2, 1987, the ex-husband's attorney advised Graveley that he would not contest his motion and also advised that the ex-husband preferred not to get into further legal disputes and thought the matter could be resolved. Again, on September 10, 1987, the ex-husband's attorney wrote and sent a proposed settlement. On October 21, 1987, the attorney wrote again asking why there was no reply. Finally, on November 6, 1987, Graveley responded by letter. The ex-husband's attorney wrote on November 17, 1987 and again on December 31, 1987, asking when he could expect to hear from Graveley. The correspondence in evidence

shows another inquiry on February 26, 1988 asking whether or not Graveley still represented Plymale and emphasizing a desire to resolve the matter cordially.

Although Plymale had actual physical custody of both children through the winter months after July, 1987 and the entire period Graveley represented her, she received no child support from her ex-husband. Plymale continued to try to contact Graveley without success and finally in April of 1988, quit calling. She went to Graveley's office and obtained her file on May 23, 1988. She entered into direct negotiations with her ex-husband and the matter was settled. She received custody of her children and the ex-husband commenced paying child support in September, 1988. She had received no child support from August, 1987 through August, 1988.

There is clear and convincing evidence that attorney Graveley Violated Rules 1.1, 1.3 and 1.4 of the Rules of Professional Conduct by failing to adequately represent Plymale causing great emotional and financial distress. Attorney Graveley failed to act with reasonable diligence and Plymale was deprived of child support for one year.

ACCORDINGLY IT IS ORDERED AND ADJUDGED:

1. That Charles A. Graveley be publicly censured before the Supreme Court of the State of Montana and shall appear before this Court in Helena, Montana, for the administration of a public censure on the 16th day of October, 1990, at 9:00 o'clock a.m.

2. That Charles A. Graveley be required to pay the costs of these proceedings.

3. Copies of this order shall be mailed to Charles A. Graveley; Special Prosecutor Gary Graham, Attorney at Law, Missoula, Montana; the Chairman and the Secretary of the Commission on Practice; and the Executive Director of the State Bar of Montana.

DATED this 6th day of September, 1990.

s/ J.A. Turnage, Chief Justice
s/ Diane G. Barz, Justice
s/ John Conway Harrison, Justice
s/ John C. Sheehy, Justice
s/ William E. Hunt, Justice
s/ R.C. McDonough, Justice
s/ Fred J. Weber, Justice

**PROCEEDINGS IN PUBLIC CENSURE AND ORDER**

CHIEF JUSTICE: This is the time and date set for the public censure by the Supreme Court of the State of Montana of Charles A. Graveley, a member of the State Bar of Montana. If the counsel for Mr. Graveley is present, would he identify himself for the record?

Mr. Graveley, would you stand up and identify yourself for the purpose of the record here?

Are you one and the same person as the Charles A. Graveley, who is the subject of disciplinary action in this Court under our Cause No. 89-247?

Mr. Graveley, if you will come to the well of the Court, at the rostrum, and face the Court, the delivering Justice will now proceed with your public censure.

DELIVERING JUSTICE:

Mr. Graveley, this public censure is being delivered today in accordance with the Order of September 6, 1990 issued out of this Court and served upon you. These proceedings are founded on a complaint charging you with several violations of the Rules of Professional Ethics which apply to attorneys licensed to practice in the State of Montana. After a hearing at which you were personally present, the Commission on Practice issued its findings, conclusions and recommendations dated January 26, 1990. The Commission recommended that you be publicly censured before the Supreme Court and be required to pay all costs of the proceeding before the Commission.

The essential elements of the Order of this Court dated September 6, 1990, are incorporated herein by reference.

Charles A. Gravely, we herewith impose upon you the censure of this Court. The Supreme Court of the State of Montana unanimously concludes as follows:

That there is clear and convincing evidence that you violated Rules 1.15 and 4.1 of the Rules of Professional Conduct when you made a material representation to a third party and his attorney that promised payment if an insurance draft would be endorsed by that party and you finally made payment two years later.

That there is clear and convincing evidence that you violated Rules 1.1, 1.3 and 1.4 of the Rules of Professional Conduct when you failed to adequately represent a client in a child custody matter causing great emotional and financial distress. You failed to act with reasonable diligence and the client was deprived of child support for one year.

Charles A. Graveley, the Supreme Court of the State of Montana unanimously orders as follows:

1. That the costs of your proceedings before the Commission on Practice are determined to be a total of $1,089.92 as appears from the attached summary furnished by the Finance Officer of this Court. You will be furnished with a copy of the details of this statement.

2. Copies of this Proceeding in Public Censure and Order shall be delivered to you, Mr. Graveley; to Special Prosecutor Gary Graham, Attorney at Law, Missoula, Montana; to the Chairman of the Commission on Practice; and to George Bousliman, Executive Director of the State Bar of Montana.

Mr. Chief Justice, this completes the public censure of Charles A. Gravely, as Ordered by this Court.

CHIEF JUSTICE: Very well. The Clerk of this Court is hereby directed to place a copy of this public censure in the record of this proceeding in this Court.

DATED this 16th day of October, 1990.

s/ J.A. Turnage, Chief Justice
s/ John Conway Harrison, Justice
s/ Diane G. Barz, Justice
s/ John C. Sheehy, Justice
s/ R.C. McDonough, Justice
s/ William E. Hunt, Justice
s/ Fred J. Weber, Justice