JUSTICE WARNER
concurring and dissenting.
¶29 I concur in the decision of this Court that Respondent, Warren C. Wenz, violated Rule 1.10 of the M.R.P.C., when he failed to make appropriate inquiries concerning dual representation of two clients who were directly adverse to each other. As stated by the Court, Wenz was not reasonable in his belief that the firm’s representation of Klemens and Schuff would not adversely affect the relationship with Klemens.
¶30 I respectfully dissent from the decision that a public censure, as recommended by the Commission on Practice, is the appropriate sanction.
*211 ¶31 Rule 9, Rules for Lawyer Disciplinary Enforcement, sets out the forms of discipline for violations of the M.R.P.C., and the criteria for application as follows:
RULE 9. DISCIPLINE AND SANCTIONS
A. Forms of Discipline. Discipline may take one or more of the following forms:
(1) Disbarment.
(2) Suspension from the practice of law for a definite period of time or for an indefinite period of time with a fixed minimum term.
(3) Public censure.
(4) Private admonition.
(5) Probation.
(8) Assessment of the cost of proceedings ....
B. Discipline Criteria. The following factors shall be considered in determining discipline to be recommended or imposed:
(1) The duty violated;
(2) The lawyer’s mental state;
(3) The actual or potential injury caused by the lawyer’s misconduct; and
(4) The existence of aggravating or mitigating factors.
¶32 In my view, upon a consideration of the entire record of this case, and after consideration of the applicable criteria set forth in Rule 9B, the more appropriate censure is a private admonition before the Commission, and payment of the cost of the proceedings.
¶33 The duty violated by Wenz was the failure to make sure that his partners were acting appropriately. Such duty is clearly imposed, and for good reason. A partner in a law firm, a principal in a professional corporation, or an associate, cannot avoid discipline by ignoring what his partners are doing. Had he asserted himself, Wenz may have been able to convince his partners to act correctly. However, it must be acknowledged that his dereliction was one of omission. He did not intend to violate the rules, or to cause harm. His mental state was one of complacency, not of intent to engage in prohibited conduct.
¶34 The majority of the Court is correct in stating that an attorney cannot be relieved from liability, or avoid discipline, simply by claiming he did not intend to violate the rules of conduct. However, the disciplinary rules specifically provide that the mental state of the offender is to be taken into account in imposing sanctions. Wenz’s omission was with no scienter.
¶35 The District Court, the Commission on Practice, and this Court *212 have all found that there was no harm caused to either client by Wenz’s omission.
¶36 Wenz was admitted to the bar in 1968. There is no record of any previous violations of the M.R.P.C., this violation occurred in 1992, and there have been no violations since. No harm was done to any client, or to anyone else. Most importantly, there is no indication whatever that further transgressions are likely and, in fact, all indications are to the contrary. There is no need to protect the citizenry from Wenz and by all accounts he still has much good to offer the bar and the citizens of Montana.
¶37 Reported cases over the last 33 years do not reveal an instance where a public censure was admini stered to a lawyer who practiced for 36 years, who was guilty of a single infraction of the rules which resulted in no harm. In re Graveley (1990), 246 Mont. 58, 805 P.2d 1263; In re Wyse (1984), 212 Mont. 339, 688 P.2d 758; In re Johnson (1979), 182 Mont. 486,597 P.2d 740; In re Porter (1970), 156 Mont. 190, 478 P.2d 866.
¶38 Wenz’s failure cannot be condoned. Nor can this matter just go away. However, a fair consideration of the circumstances mandates imposition of the lesser sanction of a private admonition and payment of the costs of this proceeding.
I join in the foregoing concurrence and dissent of Justice Warner.
/s/ Blair Jones, District Judge sitting for Justice W. William Leaphart