JUSTICE WARNER
concurring and dissenting.
¶29 I concur in the decision of this Court that Respondent, Joseph Marra, violated Rule 1.10 of the M.R.P.C., when he failed to make appropriate inquiries concerning dual representation of two clients who were directly adverse to each other. As stated by the Court, Marra was not reasonable in his belief that the firm’s representation of Klemens and Schuff would not adversely affect the relationship with Klemens.
¶30 I respectfully dissent from the decision that a public censure, as recommended by the Commission on Practice, is the appropriate sanction.
*224 ¶31 Rule 9, Rules for Lawyer Disciplinary Enforcement, sets out the forms of discipline for violations of the M.R.P.C., and the criteria for application as follows:
RULE 9. DISCIPLINE AND SANCTIONS
A Forms of Discipline. Discipline may take one or more of the following forms:
(1) Disbarment.
(2) Suspension from the practice of law for a definite period of time or for an indefinite period of time with a fixed minimum term.
(3) Public censure.
(4) Private admonition.
(5) Probation.
(8) Assessment of the cost of proceedings ....
B. Discipline Criteria. The following factors shall be considered in determining discipline to be recommended or imposed:
(1) The duty violated;
(2) The lawyer’s mental state;
(3) The actual or potential injury caused by the lawyer’s misconduct; and
(4) The existence of aggravating or mitigating factors.
¶32 In my view, upon a consideration of the entire record of this case, and after consideration of the applicable criteria set forth in Rule 9B, the more appropriate censure is a private admonition before the Commission, and payment of the cost of the proceedings.
¶33 The duty violated by Marra was the failure to make sufficient inquiry concerning his firm’s dual representation and whether appropriate consent had been obtained. A partner in a law firm, a principal in a professional corporation, or an associate, cannot avoid discipline by claiming lack of knowledge about what his partners are doing. Had Marra, as the senior partner of the firm, taken the trouble to analyze the situation, and done some research to find out that it is not grapes that are in the basket of rules, he may very well have prevented this entire proceeding. However, it must be acknowledged that his dereliction was one of omission. He had no intent to violate the rules, or to cause harm. He did not mean to engage in prohibited conduct.
¶34 The majority is correct in stating that an attorney cannot be relieved from liability, or avoid discipline, simply by claiming he did not intend to violate the rules of conduct. However, the disciplinary rules specifically provide that the mental state of the offender is to be *225 considered in imposing sanctions. Marra’s lack of intent to do wrong is legitimately considered in the penalty phase of these proceedings. ¶35 The District Court, the Commission on Practice, and this Court have all found that there was no harm caused to either client by Marra’s omission.
¶36 Marra was admitted to the bar in 1951. There is no record of any previous violations of the M.R.P.C. This violation occurred in 1992. There have been no complaints since. No harm was done to any client. It is unlikely that there will be any further violations by Marra.
¶37 Reported cases over the last 33 years do not reveal an instance where a public censure was administered to a lawyer who practiced for 52 years, who was guilty of a single infraction of the rules which resulted in no harm. In re Graveley (1990), 246 Mont. 58, 805 P.2d 1263; In re Wyse (1984), 212 Mont. 339, 688 P.2d 758; In re Johnson (1979), 182 Mont. 486, 597 P.2d 740; In re Porter (1970), 156 Mont. 190, 478 P.2d 866.
¶38 Marra’s rules violation must result in discipline. A consideration of the circumstances of the offense in conjunction with the criteria for discipline, and an analysis of what constitutes a fair, consistent, result, convinces me that the lesser sanction of a private admonition and payment of the costs of this proceeding is appropriate.
I join in the foregoing concurrence and dissent of Justice Warner,
/s/ BLAIR JONES, District Judge, sitting for Justice W. William Leaphart