JUSTICE WARNER
Concurring and Dissenting.
¶28 I concur in the decision of the Court that Respondent, Charles R. Johnson, violated Rule 1.7 of the M.R.P.C., when he undertook dual representation of two clients who were directly adverse. As stated by this Court, Johnson’s actions constituted a violation of the rules in connection with the lawsuit between his two clients, Klemens and Schuff, because he was not reasonable in his belief that his simultaneous representation of both would not adversely affect his relationship with Klemens, he did not adequately discuss the matter with Klemens, and he dropped Klemens as a client in favor of Schuff.
¶29 I respectfully dissent from the decision that a public censure, as recommended by the Commission on Practice, is the appropriate sanction.
¶30 Rule 9, Rules for Lawyer Disciplinary Enforcement, sets out the forms of discipline for violations of the M.R.P.C., and the criteria for application as follows:
RULE 9. DISCIPLINE AND SANCTIONS
A. Forms of Discipline. Discipline may take one or more of the *198 following forms:
(1) Disbarment.
(2) Suspension from the practice of law for a definite period of time or for an indefinite period of time with a fixed minimum term.
(3) Public censure.
(4) Private admonition.
(5) Probation.
(8) Assessment of the cost of proceedings ....
B. Discipline Criteria. The following factors shall be considered in determining discipline to be recommended or imposed:
(1) The duty violated;
(2) The lawyer’s mental state;
(3) The actual or potential injury caused by the lawyer’s misconduct; and
(4) The existence of aggravating or mitigating factors.
¶31 In my view, upon a consideration of the entire record of this case, the guidance we have from our past decisions, and after an analysis of the criteria to be considered in imposing discipline as set forth in Rule 9B, the more appropriate censure is a private admonition before the Commission, and payment of the cost of the proceedings.
¶32 The conduct by Johnson leading to the conclusion that he violated the rules all occurred over 10 years ago in connection with one case. The conduct does involve loyalty to a client, one of the most important obligations a lawyer has in our adversary system of justice. Still, it is clear from the record that Johnson had no intent to violate the rules, or to cause harm.
¶33 The client, a business in Great Falls, was aware of the dual representation as was the District Court in which the litigation was filed. Though the client was not adequately informed of the possible ramifications of Johnson’s dual representation, the client was represented by separate counsel in the Schuff case. Also, as the result of a hearing in which the District Court had determined that there was insufficient reason to disqualify Johnson and his firm because of the conflict of interest, Johnson believed, albeit mistakenly, that he was not in violation of the Rules of Professional Conduct.
¶34 The District Court, the Commission on Practice, and this Court have all found that there was no harm caused to either client by Johnson’s conduct.
¶35 There are other mitigating factors in Johnson’s case. He was admitted to the bar of this state in 1972. There is no record of any *199 previous violations of the M.R.P.C. The conduct leading to this proceeding occurred in 1992. There has been no infraction of the rules since.
¶36 Importantly, there is no indication whatever that further malefaction is likely. All indications are to the contrary. There is no need to protect the citizenry from Johnson and by all accounts he still has much to offer the bar and the citizens of Montana.
¶37 To call an attorney into the well of this Court in open session and administer a public censure is indeed a severe sanction. Such has been visited upon an attorney found to have failed to properly represent a client which led to great financial and emotional distress to the client. In re Graveley (1990), 246 Mont. 58, 805 P.2d 1263. Public censure was ordered in In re Wyse (1984), 212 Mont. 339, 688 P.2d 758, when a lawyer was found in contempt of court and guilty of a misdemeanor crime for knowing statutory violation when he surreptitiously gained access to files to which he was not lawfully entitled. Public censure was also ordered for a lawyer who, over the course of time, refused to accept the decisions of the courts in which he practiced, filed frivolous appeals and other actions, engaged in undignified and discourteous conduct and made accusations against judges with no showing that such were true. In re Johnson (1979), 182 Mont. 486, 597 P.2d 740. Each unfortunate case that comes to this Court must be considered individually. However, there appears no prior instance where public censure has been administered to an attorney for a single infraction in over 30 years of practice, when no harm was done to a client, and there is no indication that further problems will arise.
¶38 The dereliction of Johnson cannot, nay must not, be condoned. Nor can he simply be forgiven. Still, a fair consideration of the circumstances mandates the lesser sanction of a private admonition and payment of the costs of this proceeding.
I join in the foregoing concurrence and dissent of Justice Warner.
/s/ Blair Jones, District Judge, sitting for Justice W. William Leaphart.